*JH*

FILED

OCT 2 9 2007
OCT. 29, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| JEVON ECTOR,<br>on behalf of herself and all others<br>similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>CITY OF MARKHAM,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **07CV6116**<br>**JUDGE GRADY**<br>**MAG. JUDGE ASHMAN**<br><br>    JURY DEMANDED |

### CLASS ACTION COMPLAINT

This case is brought to seek redress for the City of Markham Police Department's practice of overcharging Plaintiff and the class members for copies of accident reports in violation of Illinois law. 625 ILL. COMP. STAT. 5/11-416.

Under Illinois law, though each department of state police may charge a fee for providing copies of accident reports, the fee for such report is capped at $5.00, unless the accident that is the subject of the report was investigated by an accident reconstruction offer, in which case the department may charge $20.00. Using its position of power and an individual's necessity of obtaining copies of his or her accident reports, Defendant imposed unreasonable and excessive fees to copy these necessary accident reports in violation of Illinois law. Plaintiff now seeks monetary and injunctive relief on behalf of herself and a class of similarly situated individuals for Defendant's wrongful conduct.

### *Jurisdiction and Venue*

1.    Federal question jurisdiction existed as to Plaintiff's claim under 42 U.S.C. § 1983. Supplemental jurisdiction over the state law claims existed under 28 U.S.C. §1367(a).

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as the acts and transactions that gave rise to this action occurred, in substantial part, in this district.  Venue was also proper in this district since Defendant can be found, has agents, and transacts business in this district.

### Parties

3.      Plaintiff Jevon Ector is a resident of the State of Illinois who resides within this district.

4.      Defendant, the City of Markham is a body politic duly organized under the laws of the State of Illinois.

5.      At all times material to this Complaint, City of Markham Police Department, and the agents and employees thereof, were acting under color of state law, ordinance, and/or regulation.

### Factual Allegations

6.      In December 2005, Plaintiff Jevon Ector, through her attorney, requested a copy of an accident report from the City of Markham Police Department.  Plaintiff required the accident report for use in her personal injury lawsuit.  In making such request, Plaintiff, through her attorney, sent the City of Markham Police Department a check for $5.00.

7.      On January 9, 2006, the City of Markham Police Department returned the $5.00 check to Plaintiff and informed her that copies of accident reports now cost $25.00.  According to Defendant, "[d]ue to the rising cost of maintaining our records department, the City of Markham has increased the fee for obtaining copies of our Incident/Accident Reports to $25.00." *See* Exhibit A.

8.      Because Plaintiff needed the copy of the report in order to prosecute her personal injury case, she paid the City of Markham Police Department the $25.00 fee. *See* Exhibit B.

**COUNT I**

*Violation of 42 U.S.C. § 1983, brought by Plaintiff Jevon Ector, individually and on behalf of Class A, against Defendant, the City of Markham*

9.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-8 as if set forth fully in this Count.

10.    Plaintiff brings this claim on behalf <u>Class A</u>, consisting of all persons residing in Illinois who, within two years of the filing of Plaintiff's complaint: (a) requested a copy of an accident report from the City of Markham Police Department; and (b) were charged an amount in excess of the statutory prescribed limit as stated in 625 ILL. COMP. STAT. 5/11-416

11.    There are questions of law and fact common to the class that predominate over any individual questions affecting only individual members.  These common questions include, among others:

      a.    Whether Defendant charged individuals for accident reports in an amount greater than those permitted by 625 ILL. COMP. STAT. 5/11-416;

      b.    Whether Defendant thereby violated 42 U.S.C. § 1983.

12.    Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories.

13.    Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests that might cause them to not vigorously pursue this action.

14.    A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy.  Since the actual monetary damages suffered by Plaintiff and the statutory damages available to them are relatively small, the burdens of individual litigation

make it effectively impossible for the class members to seek individual redress for the

Defendant's violations.

15.     Pursuant to 625 ILL. COMP. STAT. 5/11-416:

> *Furnishing copies – Fees. The Department of State Police may furnish copies of an Illinois State Police Traffic Accident Report that has been investigated by the State Police and shall be paid a fee of **$5** for each such copy, or in the case of an accident which was investigated by an accident reconstruction officer or accident reconstruction team, a fee of $20 shall be paid.*

> *Other State law enforcement agencies or law enforcement agencies of local authorities may furnish copies of traffic accident reports prepared by such agencies and may receive a fee not to exceed **$5** for each copy or in the case of an accident which was investigated by an accident reconstruction offer or accident reconstruction team, the State or local law enforcement agency may receive a fee not to exceed $20 . . . .*

16.     In representing that such amounts were properly due and owing, and imposing

and collecting fees of $25.00 per accident report investigated by the State police, Defendant was

acting under the color of Illinois State law.

17.     By virtue of collecting fees for accident reports in excess of those permitted under

625 ILL. COMP. STAT. 5/11-416, Defendant acted with deliberate indifference, in its official

capacity, to the constitutional rights of Jevon Ector and the class members, and the Due Process

clause of the Fourteenth Amendment to the United States Constitution.

18.     As a direct and proximate result of Defendant's deliberate indifference to Plaintiff

and the class members' constitutional rights, Plaintiff and the class members were illegally and

wrongfully deprived of their property by state actors in violation of their rights under the Equal

Protection and Due Process Clauses of the Fourteenth Amendment of the United States

Constitution.

19.    The deliberate indifference of the Defendant to Plaintiff and the class members' constitutional rights, constituted willful and wanton or reckless conduct so as to warrant the imposition of punitive damages to deter such conduct in the future.

WHEREFORE, Plaintiff Jevon Ector prays that judgment be entered in favor of herself and the members of Class A, on and against Defendant, the City of Markham, and award:

    A.    Actual damages in an amount to be proven at trial;

    B.    Punitive damages;

    C.    An injunction preventing Defendant from charging for accident reports in excess of the amounts permitted by Illinois law;

    D.    Attorneys fees and costs; and

    E.    Any other relief this Court deems just and appropriate.

## COUNT II
*Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, brought by Plaintiff Jevon Ector, individually and on behalf of a class of similarly situated individuals, against Defendant the City of Markham*

20.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-8 as if set forth fully in this Count.

21.    Plaintiff brings this claim on behalf of Class B, consisting of all persons residing in Illinois who, within three years of the filing of Plaintiff's complaint: (a) requested a copy of an accident report from the City of Markham; (b) were charged an amount in excess of the statutory prescribed limit as stated in 625 ILL. COMP. STAT. 5/11-416; (c) in violation of the Illinois Consumer Fraud and Deceptive Practices Act.

22.    The class is so numerous that joinder is impracticable. Plaintiff alleges, on information and belief, that there are more than fifty (50) members of the class.

23.    There are questions of law and fact common to the class that predominate over any

questions affecting only individual class members.  The predominate common questions include,

among things:

      (A)    Whether Defendant charged more than $5.00 for accident reports that were
           investigated by the State Police;

      (B)    Whether Defendant charged over $20.00 for accident reports that were
           investigated by an accident reconstruction officer or accident reconstruction
           team; and

      (C)    Whether Defendant thereby engaged in unfair and deceptive acts and
           practices, in violation of the Illinois Consumer Fraud and Deceptive Business
           Practices Act.

24.    Plaintiff's claims are typical of those of the class members.  All are based on the same

facts and legal theories.

25.    Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has

retained counsel experienced in handling class actions and claims involving unfair practices.  Neither

Plaintiff nor Plaintiff's attorneys have any interests that might cause them to not vigorously pursue

this action.

26.    A class action is an appropriate and superior method for the fair and efficient

adjudication of this controversy.  Since the actual monetary damages suffered by Plaintiff and the

class members are relatively small, the burdens of individual litigation make it effectively impossible

for the class members to seek individual redress for the Defendant's violations.

27.    The Illinois Consumer Fraud Act, 815 ILL. COMP. STAT. 505/2, states in relevant part

that:

      *. . . unfair or deceptive acts or practices, including but not limited to the*
      *use or employment of any deception, fraud, false pretense,*
      *misrepresentation or the concealment, suppression or omission of any*
      *material fact, with intent that others rely upon the concealment,*

-6-

*suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful . . . .*

28.    Illinois law mandates that Defendant may only charge $5.00 for an accident report that has been investigated by the state police, and $20.00 for an accident report that was investigated by an accident reconstruction officer or accident reconstruction team.

29.    Defendant therefore engaged in unfair and deceptive acts and practices, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, by charging consumers for accident reports in an amount in excess of those prescribed by 625 ILL. COMP. STAT. 5/11-416.

30.    For instance, Defendant represented to Plaintiff that she was required to pay $25.00 for an accident report that should have only cost $5.00 under the statute.

31.    In charging these amounts, Defendant represented to Plaintiff and the class members that the amounts charged for the accident reports were lawful and properly due.  Such representations were false.

32.    Additionally, in charging such amounts, Defendant acted unfairly, as that word is used in the Illinois Consumer Fraud and Deceptive Business Practices Act, towards Plaintiff and the class members as Defendant was not authorized to charge for accident reports in an amount in excess of those stated in 625 ILL. COMP. STAT. 5/11-416.

33.    Plaintiff and the class members relied on Defendant to properly set forth and charge legal amounts for accident reports.

34.    Defendant engaged in such conduct in the course of trade and commerce.

35.    Plaintiff and the class members suffered damage due to Defendant's unlawful conduct in the form of money remitted for the accident reports in addition to the costs stated in 625 ILL. COMP. STAT. 5/11-416.

WHEREFORE, Plaintiff Jevon Ector prays that judgment be entered in favor of herself and the members of <u>Class B</u>, on and against Defendant, the City of Markham, and award:

    A.    Actual damages in an amount to be proven at trial;

    B.    Punitive damages;

    C.    An injunction preventing Defendant from charging for accident reports in excess of the amounts permitted by Illinois law;

    D.    Attorneys fees and costs; and

    E.    Any other relief this Court deems just and appropriate.

## COUNT III
### *Unjust Enrichment, brought by Plaintiff Jevon Ector, individually and on behalf of a class of similarly situated individuals, against Defendant, the City of Markham*

36.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-8 as if set forth fully in this Count.

37.    Plaintiff brings this claim on behalf of <u>Class C</u>, consisting of all persons residing in Illinois who, within five years of the filing of Plaintiff's complaint: (a) requested a copy of an accident report from the City of Markham; (b) were charged an amount in excess of the statutory prescribed limit as stated in 625 ILL. COMP. STAT. 5/11-416.

38.    The class is so numerous that joinder is impracticable. Plaintiff alleges, on information and belief, that there are more than fifty (50) members of the class.

39.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominate common questions include, among things:

    (A)    Whether Defendant charged more than $5.00 for accident reports that were investigated by the State Police;

(B)    Whether Defendant charged over $20.00 for accident reports that were investigated by an accident reconstruction officer or accident reconstruction team; and

(C)    Whether Defendant was thereby unjustly enriched.

40.    Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

41.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unfair practices. Neither Plaintiff nor Plaintiff's attorneys have any interests that might cause them to not vigorously pursue this action.

42.    A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy. Since the actual monetary damages suffered by Plaintiff and the class members are relatively small, the burdens of individual litigation make it effectively impossible for the class members to seek individual redress for the Defendant's violations.

43.    A party is unjustly enriched when it retains a benefit to the detriment of another party against fundamental principals of justice, equity, and good conscience.

44.    Defendant represented that Plaintiff and the class members were required to pay over $5.00 for accident reports that were investigated by State police. Defendant in fact collected amounts in excess of $5.00 for accident reports that were investigated by State police. However, Defendant was prohibited charging and collecting more than $5.00 for accident reports pursuant to 625 ILL. COMP. STAT. 5/11-416.

45.    Defendant has reaped thousands of dollars in profits as a result of its collection of money for Plaintiff and the class members that was in excess of the amounts allowed under Illinois

law. That Defendant amassed such earnings, and retains such benefit to the detriment of Plaintiff

and the class members, violates the fundamental principles of justice, equity, and good conscience.

46.    Defendant has been and continues to be unjustly enriched through its above-described

conduct.

47.    Defendant should be required to disgorge the monies it has unjustly obtained to the

detriment of Plaintiffs and the class members.

WHEREFORE, Plaintiff Jevon Ector prays that judgment be entered in favor of herself

and the members of Class C, on and against Defendant, the City of Markham, and award:

A.    An order that Defendant disgorge all monies unjustly enriched through its collection
      of amounts in excess of those allowed under 625 ILL. COMP. STAT. 5/11-416 for the
      benefit of Plaintiff and the members of Class C.

B.    Any other relief this Court deems just and appropriate.

## COUNT IV
### *Ultra Vires, brought by Plaintiff Jevon Ector, individually and on behalf of a class of similarly situated individuals, against Defendant the City of Markham*

48.    Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-

8 as if set forth fully in this Count.

49.    Plaintiff brings this claim on behalf of Class D, consisting of all persons residing in

Illinois who, within five years of the filing of Plaintiff's complaint: (a) contracted with the City of

Markham for the purchase of an accident report; and (b) were charged an amount in excess of the

statutory prescribed limit as stated in 625 ILL. COMP. STAT. 5/11-416.

50.    Rule 23 of the Federal Rules of Civil Procedure is satisfied as:

A.    The class is so numerous that joinder is impracticable;

B.    There are questions of law and fact common to the class that predominate
      over any questions affecting only individual class members. The predominate

common questions include, among things:  1) whether Defendant contracted with Plaintiff and the members of the class for the purchase of accident reports; 2) whether Defendant charged more than $5.00 for accident reports that were investigated by the State Police; and 3) whether Defendant charged over $20.00 for accident reports that were investigated by an accident reconstruction officer or accident reconstruction team; and 3) whether the contract was made *ultra vires* and therefore unenforceable;

C.      Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories;

D.      Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unfair practices.  Neither Plaintiff nor Plaintiff's attorneys have any interests that might cause them to not vigorously pursue this action; and

E.      A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy.  Since the actual monetary damages suffered by Plaintiff and the class members are relatively small, the burdens of individual litigation make it effectively impossible for the class members to seek individual redress for the Defendant's violations.

51.     Defendant contracted with Plaintiff and the members of <u>Class D</u> to sell them accident reports.

52.     Pursuant to 625 ILL. COMP. STAT. 5/11-416:

*Furnishing copies – Fees.  The Department of State Police may furnish copies of an Illinois State Police Traffic Accident Report that has been investigated by the State Police and shall be paid a fee of **$5** for each such copy, or in the case of an accident which was investigated by an accident reconstruction officer or accident reconstruction team, a fee of $20 shall be paid.*

*Other State law enforcement agencies or law enforcement agencies of local authorities may furnish copies of traffic accident reports prepared by such agencies and may receive a fee not to exceed **$5** for each copy or in the case of an accident which was investigated by an accident reconstruction offer or accident reconstruction team, the State or local law enforcement agency may receive a fee not to exceed $20 . . . .*

53.     Defendant contracted to sell and in fact sold accident reports to Plaintiff and the members of <u>Class D</u> in an amount in excess of those permitted by 625 ILL. COMP. STAT. 5/11-416.

54.    As such, Defendant did not have the ability to charge such amounts, and in fact,

exceeded its powers as it was barred by 625 ILL. COMP. STAT. 5/11-416 from charging such amounts.

Therefore, such contracts are ultra vires and unenforceable.

55.    Defendant should be required to provide restitution to Plaintiff and the members of

Class D for the amounts it unlawfully collected from them.

WHEREFORE, Plaintiff Jevon Ector prays that judgment be entered in favor of herself

and the members of Class D, on and against Defendant, the City of Markham, and award:

A.    An order that Defendant provide Plaintiffs and the members of Class D for its
       collection of amounts in excess of those allowed under 625 ILL. COMP. STAT. 5/11-
       416 pursuant to contract; and

B.    Any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff demands trial by jury.

By: _____
One of Plaintiffs' Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808
Firm No. 36667

Aron D. Robinson
Law Office of Aron D. Robinson
19 South LaSalle Street, Suite 1300
Chicago, IL 60603
(312) 857-9050
Attorney I.D. 35546

# EXHIBIT A

# City of Markham

### 16313 KEDZIE PARKWAY • MARKHAM, ILLINOIS 60428





CHIEF OF POLICE
HENRY E. WILSON

· CITY HALL: (708) 331-4905
POLICE DEPT.: (708) 331 -2171

**DATE:** 1-9-06

**To Whom It May Concern:** Michael P. McCready

Due to the rising cost of maintaining our records department, the City of Markham has increased the fee for obtaining copies of our Incident/Accident Reports to $25.00.

Therefore, we are returning your request for one of our official reports and your check # 6355 in the amount of $ 5.00 .

We are sorry for any inconvience this may have caused you. You may resubmit your request for one of our reports.

Thank you,
Markham Police Records Department

# EXHIBIT B

*Law Offices of*

# Michael P. McCready & Associates

### 10008 South Western Avenue
### Chicago, Illinois 60643

MICHAEL P. MCCREADY
ROGELIO GARCIA
STEPHANIE N. LEET

OFFICE (773) 779-9885
FAX (773) 779-9190
e-mail address:
McCreadyLaw@sbcglobal.net

January 11, 2006

Markham Police Department
16313 Kedzie Ave.
Markham, IL 60428

RE:    Date of crash:      2/4/05
       Location:           159th & Crawford, Markham, Illinois
       Crash Report No.:   05-986

Dear Sir/Madam:

I represent Jevon Ector concerning the above traffic accident. In order to proceed with this case, I need a copy of the crash report. Enclosed please find a check in the amount of $25.00 and a self addressed stamped envelope for your convenience. Thank you.

Sincerely,

Michael P. McCready
Attorney at Law

MPMc/mmm
Enclosure

CB 01-20-06



THE LAW OFFICES OF MICHAEL P. McCREADY, PC
PH. 773-779-9885
10008 S. WESTERN AVENUE
CHICAGO, IL 60643

70-9385
719
5402832009

6387

DATE 12 JAN 06

PAY TO THE ORDER OF Markham Police Dept.    $ 25.00

twenty five and 00/00    DOLLARS

STANDARD BANK AND TRUST CO.

MEMO Ector

⑆07190936⑈: 540 2832009⑈ 6387

ENDORSE HERE