IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEVON ECTOR, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | 07 CV 6116 |
| v. | ) ) | Judge Grady |
| CITY OF MARKHAM, | ) ) ) | Magistrate Judge Ashman |
| Defendant. | ) | |

## DEFENDANT, CITY OF MARKHAM'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER RULE 12(b)(1) and (6)

Defendant City of Markham, by and through its attorneys, Kathleen McDonough, Esq. and Misty R. Martin, Esq. respectfully submits this Memorandum of Law and Fact in Support of its Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(1) and (6).

I.  **INTRODUCTION**:

Plaintiff, Jevon Ector, ("Ector") brought this action to recover damages she allegedly suffered when the City of Markham allegedly overcharged the Plaintiff's attorney for a copy of an accident report, in violation of 625 Ill. Comp. Stat. 5/11-416. Plaintiff has brought this action on behalf of herself and as a putative class action.

However, Plaintiff has not alleged sufficient facts to support her claimed right to relief under any count against the defendant. The City of Markham brings this motion because (1) Plaintiff does not have standing to bring any claim against the Defendant; and (2) Plaintiff has failed to state a claim upon which relief may be granted against the Defendant. Because Plaintiff has not properly plead a cause of action against the Defendant, as a matter of law, the Defendant is entitled to dismissal of counts against it as alleged in Plaintiff's entire complaint. Accordingly, Plaintiff also does not have standing to represent members of the putative class action.[1]

---

[1] Defendant does not believe Plaintiff will be able to meet the requirements for class certification. Defendant reserves its right to object to Plaintiff's purported class when and if Plaintiff moves for class certification.

## II. STANDARD OF REVIEW:

### A. General Standard of Review under FED.R.CIV.P. 12(b):

In ruling on a motion to dismiss under FED.R.CIV.P. 12(b), a court must accept all well-pleaded facts in the complaint as true. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir.2005). However, although a complaint need not outline all elements of a claim, "it must be possible . . . for an inference to be drawn that these elements exist." *Farias v. Deputy Lewis*, 2005 U.S. Dist. LEXIS 32929, * 6 (E.D. Ca. 2005); see also *Jackson v. E.J. Brach Corp.*, 176 F.3d 971 (7th Cir. 1999) ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).")). Further, although the Federal Rules only require notice of the claims to the defendants, the plaintiff is still bound by the facts she chooses to include. Thus, it is possible for a plaintiff "to plead himself out of court by alleging facts which show he has no claim, even if he is not required to allege those facts." *Jackson v. Marion County*, 33 F.3d 151, 153 (7th Cir. 1995). When plaintiff's complaint contains sufficient facts that establish she cannot recover, courts must dismiss those claims. *Id.* at 153-154.

### B. Standard of Review under FED.R.CIV.P. 12(b)(1):

It is an essential element of Article III's case or controversy requirement that a plaintiff have standing at the time her action is commenced for a federal court to have subject matter jurisdiction over its claims. *See N.E. Fla. Chapter, Assoc. Gen. Contractors of Am. v. Jacksonville*, 508 U.S. 656, 663-64 (1993). It is the burden of the Plaintiff as the party asserting jurisdiction to demonstrate that she has standing. *See, e.g., T & B Ltd. Inc. v. City of Chicago*, 369 F.Supp.2d 989, 992 (N.D. Ill. 2005). To prove her standing, the Plaintiff must demonstrate three things: (1) an injury in fact that is (a) concrete and particularized, and (b) actual or imminent; (2) that the injury fairly can be traced to the challenged action of the defendant, and (3) a likelihood that the injury will be redressed by a favorable decision. *N.E. Fla. Chapter*, 508 U.S. at 663-64. "These elements are the irreducible minimum, required by the Constitution." *Id.*, 508 U.S. at 664.

When a factual dispute arises regarding standing, a court may take into account other evidence. *United Phosphorus, Ltd. v. Angus Chem., Co.*, 322 F.3d 942, 946 (7th Cir. 2002). If a factual dispute arises regarding standing, it is the role of the court to resolve that dispute. *Access 4 All, Inc. v. Chicago Grande, Inc.*, 06 C 5250, 2007 WL 1438167, *

3 (N.D. Ill. May 10, 2007)(*citing Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986) (collecting authorities). As recently noted by a Northern District of Illinois Court, "a complaint must provide factual support for its claims, not merely 'labels and conclusions.' This requirement ensures a defendant has information sufficient to prepare his defense and 'allow[s] the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit, so that if he does not the case can be got rid of immediately . . . .'" *Chaparro v. Powell*, 2008 U.S. Dist. LEXIS 834 (D. Ill. 2008) citing *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999) and *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1965, ___ L.Ed.2d ___ (May 21, 2007).

    C.    **Standard of Review Under Rule 12(b)(6):**

Our Supreme Court has recently held that a plaintiff's complaint must not only give adequate notice of the general claims, but its "[f]actual allegations must be enough to raise a right to relief above the speculative level."[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1965, ___ L.Ed.2d ___ (May 21, 2007). The Seventh Circuit found that *Bell Atlantic* effectively imposed a second pleading hurdle. Plaintiff's allegations must not only put the Defendant on notice of the claims against it but the allegations must also "plausibly suggest that [it] has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, No. 06-3436, --- F.3d ----, 2007 WL 2215764, *2 (7th Cir. Aug. 3, 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14). Therefore, to maintain its suit against City of Markham, the Plaintiff's complaint must allege *facts* that are more the mere speculation that make up her claims against City of Markham plausible not simply possible.

**III.    PLAINTIFFS' ALLEGATIONS:**

Plaintiff's Complaint alleges that the City of Markham is liable: for violation of 42 U.S.C. § 1983 (Count I); Violation of the Consumer Fraud and Deceptive Business Practices Act (Count II); Unjust Enrichment (Count III); and Ultra Vires (Count IV).

---

[2] The Supreme Court in *Bell Atlantic v. Twombly* expressly rejected the decades old proposition that a complaint should not be dismissed under Rule 12(b)(6) unless the plaintiff can prove "no set of facts" entitling it to relief. *Bell Atl. Corp.*, 127 S. Ct. at 1969 (rejecting the oft-cited language found in *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff seeks alleged actual damages, punitive damages, injunctive relief, disgorgement of profits, attorneys fees and costs.

Plaintiff claims that in December of 2005, her attorney requested a copy of an accident report from the City of Markham and enclosed a $5.00 check for the cost of the report. (Plaintiff's Complaint ("Comp." ¶ 6). On January 9, 2006, the City of Markham returned the $5.00 check and notified Plaintiff's counsel that the cost of the report had increased to $25.00 due to the rising costs of maintaining its record department. (Comp. ¶ 7). Plaintiff's attorney paid the $25.00 fee. (Comp. ¶ 8, Exhibit B). Plaintiff has not alleged that she, or her attorney, objected to the request for the $25.00 fee. (Comp. ¶ 6-8). Plaintiff has not alleged that the fee was paid by her attorney under duress or compulsion. (Comp. ¶ 6-8).

IV. **ARGUMENT**:

    A. **JEVON ECTOR DOES NOT HAVE STANDING TO ASSERT ANY CLAIMS AGAINST THE CITY OF MARKHAM BECAUSE SHE IS NOT THE REAL PARTY AT INTEREST AND SHE DOES NOT HAVE STANDING.**

Plaintiff does not have standing to assert a claim against the City of Markham because she is not the real party at interest. The real party at interest in an action is the person holding the substantive right to be enforced. "This rule requires that the party who brings an action actually possess, under the substantive law, the right sought to be enforced. Such a requirement is in place to protect the defendants against a party actually entitled to recover, and to insure generally the judgment will have its proper effect as res judicata. *See Byrd-Tolson v. Supervalu, Inc.*, 500 F. Supp. 2d 962 (N.D. Ill. 2007) (Filip, J.) *citing United Healthcare Corp. v. American Trade Ins. Co.*, 88 F.3d 563, 569 (8th Cir. 1996). Rule 17(a) requires that every action be prosecuted by the real party in interest. *EEOC v. J.D. Street & Co., Inc.*, 2006 U.S. Dist LEXIS 78906 *7 (S.D. Ill. 2006).

In the present case, Plaintiff attaches to her complaint a correspondence and check indicating that Michael P. McCready, her attorney, requested and then issued payment for the report in question. (Comp. ¶ 6, Ex. A and B). Nowhere does the plaintiff allege that she personally requested or paid for the report or that she reimbursed her attorney for the cost of the report. (Comp. ¶ 6-8). This failure by Plaintiff is more than a mere technical mistake. At an absolute minimum, a plaintiff must show that she has personally suffered

some actual injury as a result of the defendant's conduct. Plaintiff is not entitled to recover for monies alleged owed by another person, her attorney. That Plaintiff was the third party beneficiary of this request is not sufficient.

Moreover, even if Plaintiff were to ask the Court to substitute her attorney as the real party of interest, she would not be entitled to this relief. Generally, courts will only allow a substitution of the real party in interest in two limited circumstances where the commencement of the action by the wrong party is an honest mistake: (1) "where the real party in interest is difficult to determine" or (2) where the mistake is excusable." *EEOC v. J.D. Street & Co.,* 2006 U.S. Dist. LEXIS 78906, * 10 (S.D. Ill. 2006). Neither of these circumstances is applicable here. Plaintiff cannot argue the real party in interest was difficult to determine or excusable because she had all of the necessary documents and information to make this determination when she filed suit. *See Rawoof v. Texor Petroleum Co.*, 2006 U.S Dist. LEXIS 5027, *3 (N.D. Ill. 2006). Plaintiff cannot reasonably argue that her mistake was excusable because she attached the documents to her complaint that provided her the necessary information to make the determination of the proper party. (Comp. Ex. A and B). When a claim is not prosecuted by the real party in interest and the error was not an honest excusable mistake, dismissal of the claim is proper. *Id.* at 11.

Plaintiff's Complaint also makes clear that she does not have standing. The constitutional requirements for standing require that the plaintiff must allege that (1) she suffered a particularized injury; (2) concretely resulting from the defendant's actions and (3) the injury will be redressed by the remedies sought. *Farias v. Deputy Lewis*, 2005 U.S. Dist. LEXIS 32929, * 11 (E.D. Ca. 2005). For same foregoing reason, plaintiff does not have standing to bring this action because she, personally, has not suffered an injury. By the Plaintiff's own allegations, it is not only implausible that Plaintiff suffered an injury, it is impossible because she alleges her attorney paid the fee that she complains of and there is no evidence or allegation that she personally incurred this cost. As a result, defendant is entitled to the dismissal of all counts against it.

B. **PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF PURSUANT TO § 1983.**

In Count I of Plaintiff's Complaint, she alleges the City of Markham has violated 42 U.S.C. § 1983.[3] Plaintiff claims that by charging and collecting fees for accident reports in excess of those permitted by 625 Ill. Comp. Stat. 5/11-416, the Defendant has acted with deliberate indifference to Plaintiff's constitutional rights in violation of the Equal Protection and the Due Process Clause of the Fourteenth Amendment. Further, Plaintiff claims that Defendant's deliberate indifference constitutes willful, wanton or reckless conduct to warrant imposition of punitive damages. As a result, Plaintiff claims that she was wrongfully deprived of her property and seeks actual damages, punitive damages, an injunction, attorneys fees and costs, and other relief available.

1. **Plaintiff's claim that she has been denied due process fails because she has available state remedies.**

§ 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). The Supreme Court has held that this provision safeguards certain rights conferred by federal statutes. *Blessing v. Arizona Dept. of Economic Security*, 520 U.S. 329, 340 (1997). In Count I of her Complaint, Plaintiff claims that the City of Markham violated her rights under the Equal Protection and Due Process Clause of the Fourteenth Amendment. (Comp. ¶ 17, 18). However, "the Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplishment '*without due process of law*'". *Baker v. McCollan*, 443 U.S. 137, 146 (1979)(emphasis supplied). In addition, the mere fact that the municipality is the actor involved does not turn an action into a constitutional claim. *Baker* at 146-147. The Supreme Court noted that section § 1983 imposes liability for rights protected by the constitution, not for violations of duties arising out of tort law. As a result, the plaintiff

---

[3] 42 U.S.C. § 1983 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. ..."

6

must seek his remedy in state court. The mere fact that the defendant is a state actor does not turn his state claim into a violation of the Fourteenth Amendment).

In order to state a claim a federal procedural due process claim, a plaintiff must show that he had a constitutionally protected property or liberty interest, and that he or she was deprived of that interest *without due process of law*.[4] *Logan v. Simmerman Brush Co.*, 455 U.S. 422, 428 (1982). Not every interest is protected under the Due Process Clause. In *Hudson v. Palmer*, the Supreme Court held that intentional deprivation of property by the state could not violate due process under U.S. Const. amend. XIV *if* **a post-deprivation remedy was available**. The Court concluded that several state law remedies were available to respondent to provide adequate compensation for his loss. Defendant's deprivation of property without due process only occurs where the state provides no remedy or an inadequate remedy. See *Parratt v. Taylor*, 451 U.S. 527, 539-531, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981)(due process is not violated by unauthorized negligent actions of state officials if the state makes a meaningful post-deprivation remedy); *Hudson v. Palmer*, 468 U.S. 517, 532-533, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984)(the court extended *Parrot* to include intentional acts of state officials, holding that unauthorized intentional deprivation of property by state employee does not constitute violation of procedural requirements of due process clause of Fourteenth Amendment if meaningful post-deprivation remedy for loss is available). As long as the state court could provide a remedy to redress the alleged violation, there is no federal due process claim. *Horton v. Board of County Commissioners of Flagler County*, 202 F.3d 1297, 1300 (11th Cir. 2000).

The Seventh Circuit and numerous Illinois District Courts have followed this rule. "The unauthorized intentional deprivation of an individuals' property by a state employee does not deny the procedural due process guaranteed by the Fourteenth Amendment so

---

[4] To establish whether a complaint sufficiently alleges a 42 U.S.C.S. § 1983 claim of liability against a municipality, a plaintiff must plead a deprivation of constitutional rights under § 1983 and that the deprivation occurred as a result of a policy, custom, or practice of the municipality. ... Thus, to state a claim for relief against a municipality, a plaintiff must link the acts which deprived him of his constitutional rights to some governmental policy or custom. Furthermore, the link must be such that this policy or custom was the "moving force" behind the constitutional deprivation. Hence, in order for a plaintiff to establish that the municipality had a custom or policy that resulted in a constitutional deprivation, the custom or policy must be attributable to a conscious decision by municipality officials possessing final policymaking authority in the relevant area of the municipality's business. The identity of a municipal policymaker is a question of local law, which involves searching for the ultimate legislative power in the municipality. *Ramirez v. Kelly*, 1994 U.S. Dist. LEXIS 1593 (D. Ill. 1994)

long as a meaningful postdeprivation remedy for the loss is available". *Jones v. Burton*, 173 Fed. Appx. 520, 522 (7th Cir. 2006) citing Hudson, supra, *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005); *Russ v. Watts*, 414 F.3d 783, 787 (7th Cir. 2005); *Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002). In the recent case of *Mercatus Group v. Lake Forest Hospital,* the court was faced with a similar motion to dismiss. There, the defendant municipality argued that the plaintiff's § 1983 claim should be dismissed because the plaintiff had an adequate state remedy. The court agreed: "[plaintiff's] allegations all boiled down to complaints that it did not receive the procedural rights accorded to it either by Lake Bluff's zoning ordinance or Illinois law [plaintiff's ultra vires claim]. Because there is a violation of a state law, [plaintiff] has no federal due process claim." *Mercatus Group, LLC v. Lake Forest Hospital*, 2007 U.S. Dist. LEXIS 84920 (Nov. 15, 2007)(Manning, J.)(plaintiff's state *ultra vires* claim negates any allegation that state law remedies are inadequate).

Similarly, in the present action, Plaintiff has not claimed that she is without adequate remedies at law. Rather, as alleged in Counts II, III and IV of her complaint, Plaintiff may be entitled to relief under state law theories of violations of the Illinois Consumer Fraud and Deceptive Practices Act, unjust enrichment and ultra vires. Therefore, Plaintiff has adequate post-deprivation remedies available for her lost. Consequentially, she is not entitled to relief under § 1983.

2. **Plaintiff's § 1983 Claims That She Was Denied Due Process Fails Because Her Allegation That The City of Markham Was Deliberately Indifferent Fails To Meet The Requirements Under *Bell Atlantic*.**

Plaintiff has not alleged any facts that makes her § 1983 claim even plausible, as required by the Supreme Court's decision in *Bell Atlantic. See § II(B) supra.* In order to succeed on a § 1983 claim, Plaintiff must do more then allege the elements of a cause of action. *See id.* In the present case, Plaintiff must sufficiently allege facts that make it plausible that the Defendant was deliberately indifferent with respect to Plaintiff's rights. Plaintiff has not done so. Plaintiff's complaint is completely devoid of any fact that suggests, infers or implies that the Defendant acted with deliberate indifference. For that reason, Plaintiff's § 1983 claim must be dismissed.

### 3. Plaintiff Has Failed to State a Claim under the Equal Protection Clause.

As with her other claims, Plaintiff fails to state a claim under the Equal Protection Clause. Plaintiff only alleges that as a result of the Defendant's deliberate indifference, she, along with the putative class, was "wrongfully deprived of their property by state actors in violation of their rights under the Equal Protection and Due Process Clause of the Fourteenth Amendment of the United States Constitution. (Comp. ¶ 18), This fails to comport with the Supreme Court's requirement that a complaint describe the claim with sufficient detail as to give the defendants "fair notice of what the . . . claim is *and the grounds upon which it rests.*" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws". Unless a state action classifies by race, alienage, or national origin, or impinges on fundamental constitutional rights, it is presumed to be valid and sustained if rationally related to a legitimate state purpose. *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 766 (7th Cir. 2003). In order to properly plead a claim against a municipality under the Equal Protection Clause, a plaintiff must first allege that (1) she is a member of a protected class, or (2) there is no reasonably conceivable state of facts that could provide a rational basis for the government's classification. *Mercatus Group v. Lake Forest Hospital*, 2007 U.S. Dist. LEXIS 84920 (Nov. 15, 2007)(Manning, J.). Under the second, "governmental action only fails rational basis scrutiny if no sound reason for the action can be hypothesized. ... Moreover, and more importantly here, any hypothesis as to the basis for the government's actions can be made before proof is offered." *Id.* at * 52.

First, Plaintiff has not alleged that she is a member of a protected class and she has not alleged that she was treated differently because she was a member of a class. In addition, as explained above, the Plaintiff has not been deprived of a constitutional right.

Second, a rational basis for the City of Markham's actions was provided in the Plaintiff's Complaint. (Comp. ¶, Ex. A. "Due to the rising costs of maintaining our records department, the City of Markham as increased the fee...". ). In order to survive a

9

motion to dismiss, a plaintiff must allege sufficient facts to overcome the presumption of rationality that applies. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 639 (7th Cir. 2006). Because Plaintiff has not alleged that she was treated differently because of her membership in a class, and because there is a rational basis for the City' of Markham's actions, dismissal of Plaintiff's Equal Protection claim is proper. *See Mercartus* at *53(dismissing plaintiff's equal protection claim because court could conceive of a rational basis for the government's actions).

    4.    <u>**Plaintiff's Has Failed to Properly Plead a Claim of Municipality Liability Against the City of Markham as required by *Monell*.**</u>

Plaintiff has failed to properly plead a *Monell* claim against the City of Markham. In *Monell v. Dep't of Soc. Servs*, the Supreme Court held that a municipality can be found liable under § 1983 if the municipality itself, through a municipal policy or custom, deprives someone of their constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, municipalities cannot be liable under a theory of respondeat superior. *Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999); *Thomas v. Sheahan*, 499 F. Supp. 2d 1062, 1095 (D. Ill. 2007).

> A municipality is liable [for violations of § 1983] under *Monell* if its policy or custom is the "moving force" behind a constitutional violation. To prevail on a *Monell* claim, a plaintiff must establish (1) a violation of his constitutional rights; (2) the existence of a municipal policy or custom; and (3) "a direct causal link" between that policy or custom and his injury. ... Three types of municipal policy can support a *Monell* claim: claim: (1) an express policy, (2) a well settled, widespread practice or custom, or (3) a decision by a municipal official with final policymaking authority. Standards for proving culpability and causation in this context are "rigorous . . . to ensure that the municipality is not held liable solely for the actions of its employee."
> *Chaparro v. Powell*, 2008 U.S. Dist. LEXIS 834 (D. Ill. 2008)(citations omitted)

In her §1983 claim, Plaintiff simply alleges that the Defendant acted with deliberate indifference in its official capacity, to the constitutional rights of herself and the putative class. Plaintiff has *not alleged* that a City of Markham policy, practice or the action of a person with final policy making authority, has caused her to suffer a constitutional deprivation. The factual allegations fail to plausibly suggest a policy cognizable under *Monell*. "The custom or policy underlying a *Monell* claim cannot be so amorphous that it effectively exposes a municipality to respondeat superior liability." *See*

*Chaparro* citing *Bd. of County Commissioners*, 520 U.S. at 403; *see also Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007). Accordingly, Plaintiff has failed to state a claim for which relief can be granted against a municipality and § 1983 claim against the City of Markham must be dismissed.

    C.    **THE ILLINOIS CONSUMER FRAUD DECPTIVE PRACTICES ACT DOES NOT APPLY BECAUSE THE CITY OF MARKHAM IS NOT A PERSON. ACCORDINGLY, COUNT II OF PLAINTIFF'S COMPLAINT FAILS AS A MATTER OF LAW.**

The City of Markham is not a "person" subject to liability under the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"). The ICFA provides that "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such *person*." 815 ILCS 505/10a (emphasis supplied). A person is defined to include "any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof." 815 ILCS 505/1. This definition does not include a municipality, public entity or "body politic", as Plaintiff describes the Defendant in her complaint. (Com. ¶ 4). Therefore, quite simply, the City of Markham is not a "person" subject to liability under the ICFA. Consequently, Plaintiff has failed to plead a cause of action under the ICFA and Count II of her Complaint must be dismissed.

    D.    **PLAINTIFF'S CLAIMS ARE BARRED BY THE VOLUNTARY PAYMENT DOCTRINE.**

"The voluntary payment doctrine provides that a payor *may not* recover fees voluntarily paid, without protest, even if the fees were illegal. *Norton v. City of Chicago*, 293 Ill.App. 620 (Ill. App. 1st Dist. 1997). If the plaintiff voluntarily pays a fee, without being under duress, without protesting the fee but with knowledge of facts upon which to frame a protest, a plaintiff may not recover for fees illegally collected. *Getto v. City of Chicago*, 86 Ill.2d 39, 49 (1981). A plaintiff could only recover if he can prove that the payment was unlawful **and** that it was involuntary, i.e. that there was some necessity that amounted to compulsion. *Id.* at 49.

In the present case, Plaintiff has not asserted that her attorney's payment was made under duress, compulsion or that she, or her attorney, made any objection to the payment of the fee. Plaintiff's Complaint incorporates correspondence transmitting payment of the fee that is devoid of any objection. Second, Plaintiff cannot argue that she did not have knowledge of facts sufficient in order to protest. Not only did Plaintiff's request come through an attorney charged with knowledge of the law, but, additionally, the "Illinois Supreme Court has held that a person dealing with a municipal corporation is charged with the knowledge of the limitations of the power of that corporation for any contract attempted to be entered into by and of its officials." *Shivarelli v. The Chicago Transit Authority,* 355 Ill. App. 3d 93, (Ill. App. 1st Div. 2005).

Plaintiff made a voluntary payment with knowledge of facts sufficient to protest the fee. Consequently, as a matter of Illinois law, Plaintiff is not entitled to relief and has failed to state a claim for recovery in her Complaint. As a result, all counts against Defendant in Plaintiff's complaint must be dismissed.

E. **AS A MATTER OF LAW, PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES AGAINST THE CITY OF MARKHAM. ACCORDINGLY, PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES MUST BE STRICKEN.**

In her Complaint, Plaintiff seeks recovery for punitive damages. (Comp. Counts I and II). In § 1983 claims, punitive damages may be awarded to a plaintiff who sues a defendant in his individual capacity and proves that the defendant's conduct was "motivated by evil motive or intent, or when it involves callous indifference to the federally protected rights of others." *See Smith v. Wade,* 461 U.S. 30, 56, (1983); *Vine v. County of Ingham,* 1995 U.S. Dist. LEXIS 15171 (D. Mich. 1995). **However, punitive damages may not be assessed against a municipality under § 1983.** *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 69 L. Ed. 2d 616, 101 S. Ct. 2748 (1981); *Spanish Action Committee of Chicago v. City of Chicago,* 811 F.2d 1129, 1134 (7th Cir. 1987). Accordingly, since Count I against the Defendant is brought pursuant to § 1983, and since the City of Markham is a municipality, Plaintiff's claim for punitive damages against the City must be stricken. *Ramirez v. Kelly,* 1994 U.S. Dist. LEXIS 1593 (D. Ill. 1994).

In addition, Plaintiff's claim for punitive damages under her ICFA claim must also be stricken. The Supreme Court has held that it is well settled common law that, unless

otherwise expressly authorized by statute, municipalities are immune from punitive damages. *See Chandler v. Cook County*, 277 F.3d 959, 977 (7th Cir. 2002) *citing City of Newport v. Fact Concerts,* 453 U.S. 247, (1981). If punitive damages were awarded against a municipality, the punishment would be borne by the taxpayers and citizens — the very persons for whom benefit the municipality is being chastised. *See Chandler* at 978. This is because the payment of punitive damages to a plaintiff is usually accompanied by an increase in taxes or a decrease in services footing the bill. *Id. citing City of Newport* at 267. Therefore, it is widely held that punitive damages are contrary to public policy and may not be recovered against a municipality. *See City of Newport* at 261. Accordingly, the City of Markham is entitled to the dismissal and striking of any claims for punitive damages against it. *See e.g. Goetz V. City of Springfield*, 2007 U.S. Dist. LEXIS 80187 (C.D. Ill. 2007)(striking and dismissing plaintiff's complaint against municipality to the extent it seeks punitive damages).

WHEREFORE, Defendant, the City of Markham, respectfully requests that this Court:

    (1) Dismiss all counts against Defendant in Plaintiff's Complaint; and/or

    (2) Strike Plaintiff's Claim for Punitive Damages in Count I of Plaintiff's Complaint; and

    (3) Strike Plaintiff's Claim for Punitive Damages in Count II of Plaintiff's Complaint.

    Segal McCambridge Singer & Mahoney

    By: /s Misty R. Martin
        Misty R. Martin, Esq.
        *One of the Attorneys for Defendant, City of Markham*

Kathleen McDonough
Misty R. Martin
Segal McCambridge Singer & Mahoney
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, Illinois 60606
(312) 645-7800

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2008, before 5:00 p.m. a copy of Defendant's Memorandum of Fact and Law in Support of Its Motion to Dismiss was filed electronically via the Northern District of Illinois' ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Misty R. Martin
Misty R. Martin

# EXHIBIT LIST

**Exhibit A:**  *Farias v. Deputy Lewis*, 2005 U.S. Dist. LEXIS 32929, 6 (E.D. CA. 2005)

**Exhibit B:**  *Access 4 All, Inc. v. Chicago Grande, Inc.*, 06 C 5250, 2007 WL 1438167, (N.D. Ill. 2007)

**Exhibit C:**  *Chaparro v. Powell*, 2008 U.S. Dist. LEXIS 834 (D. Ill. 2008)

**Exhibit D:**  *E.E.O.C. v. Concentra Health Services, Inc.*, No. 06-3436, --- F.3d ----, 2007 WL 2215764, *2 (7th Cir. Aug. 3, 2007)

**Exhibit E:**  *EEOC v. J.D. Street & Co., Inc.*, 2006 U.S. Dist LEXIS 78906, 7 (S.D. Ill. 2006).

**Exhibit F:**  *Rawoof v. Texor Petroleum Co.*, 2006 U.S Dist. LEXIS 5027, 3 (N.D. Ill. 2006)

**Exhibit G:**  *Mercatus Group LLC v. Lake Forest Hospital*, 2007 U.S. Dist. LEXIS 84920; (N.D. Ill. 2007)

**Exhibit H:**  *Vine v. County of Ingham*, 1995 U.S. Dist. LEXIS 15171 (D. Mich. 1995)

**Exhibit I:**  *Ramirez v. Kelly*, 1994 U.S. Dist. LEXIS 1593 (D. Ill. 1994)

**Exhibit J:**  *Goetz v. City of Springfield*, 2007 U.S. Dist. LEXIS 80187 (C.D. Ill. 2007)

908562-1