

LEXSEE 2005 U.S. DIST. LEXIS 32929

MANUEL ALCALA FARIAS, Plaintiff, vs. DEPUTY LEWIS, et al., Defendants.

CASE NO. CV F-05-1496 AWI LJO

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

2005 U.S. Dist. LEXIS 32929

December 13, 2005, Decided

**SUBSEQUENT HISTORY:** Adopted by, Dismissed without prejudice by *Farias v. Lewis*, 2005 U.S. Dist. LEXIS 35842 (E.D. Cal., Dec. 21, 2005)

**COUNSEL:** [*1] For Manuel Alcala Farias, Plaintiff: Pro se, Bakersfield, CA.

**JUDGES:** Lawrence J. O'Neill, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** Lawrence J. O'Neill

**OPINION**

**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**

**BACKGROUND**

Plaintiff Manuel Alcala Farias ("plaintiff") proceeds pro se and in forma pauperis in this apparent action under *42 U.S.C. § 1983* ("section 1983"). On November 23, 2005, plaintiff filed several combined papers which this Court construed as a complaint ("complaint"). The complaint's apparent caption lists Deputies Lewis, Ochoa and Castillo (collectively "defendants") as defendants but failed to identify their employing law enforcement agency. The complaint appeared to take issue with the arrest of and criminal proceedings against plaintiff's wife. The complaint appeared to make vague references to an attack.

This Court issued its November 30, 2005 order to dismiss the complaint based on its numerous pleading deficiencies, failure to state a cognizable claim and apparent attempt to pursue claims for non-plaintiffs and to vex defendants. In response to the order, plaintiff on December 12, 2005 filed a form amended complaint ("amended complaint") [*2] which appears to name the same defendants as plaintiff's original complaint. The amended complaint is as unclear as plaintiff's original complaint and appears to take issue with the arrest of plaintiff's wife. The amended complaint appears to seek return of money for bail for plaintiff's family members. In addition, with the amended complaint, plaintiff burdens this Court's record with hundreds of pages of impertinent documents.

**DISCUSSION**

**Standards For Screening**

"A trial court may dismiss a claim sua sponte under *Fed.R.Civ.P. 12(b)(6)*. . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); see *Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (dismissals under *28 U.S.C. § 1915(d)* are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis [*3] action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See *28 U.S.C. § 1915(e)*; 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2005) Attacking the Pleadings, para. 9:226.1, pp. 9-65. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez,*

Case 1:07-cv-06116 Document 19-2 Filed 01/11/2008 Page 2 of 4

Page 2
2005 U.S. Dist. LEXIS 32929, *

*504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).*

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-1228 (9th Cir. 1984).* A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke, 490 U.S. at 324.* [*4] A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke, 490 U.S. at 327.*

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46, 35 S. Ct. 236, 59 L. Ed. 457 (1915); see Wright v. Newsome, 795 F.2d 964, 968, n. 1 (11th Cir. 1986).* A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland, 211 U.S. App. D.C. 75, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981); Ballentine v. Crawford, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); cf. Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986)* (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). [*5] A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).*

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)* (citing *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).* "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1688, 40 L. Ed. 2d 90 (1974); Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).*

The face [*6] of the amended complaint reflects deficiencies to prevent plaintiff from offering evidence to support claims raised in the amended complaint.

**General Deficiencies As To Claims**

*F.R.Civ.P.* 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief. . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e) Pleading to be Concise and Direct; Consistency.

(1) Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103, 2 L. Ed. 2d 80 (1957); Yamaguchi v. United States Department of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997).* [*7] Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-406 (6th Cir. 1998).* Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).* A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones, 733 F.2d at 649.*

*F.R.Civ.P. 8(a)* requires a short plain statement of plaintiff's claim. The amended complaint does not adequately identify grounds for relief against a particular defendant to satisfy *F.R.Civ.P. 8(a)(2).* The amended complaint fails to provide any defendant fair notice and to state elements of a claim of plaintiff plainly and suc-

Case 1:07-cv-06116    Document 19-2    Filed 01/11/2008    Page 3 of 4

Page 3
2005 U.S. Dist. LEXIS 32929, *

cinctly. The majority [*8] of the amended complaint appears to address plaintiff's wife, who is not a party. The amended complaint fails to tie in facts to justify its apparent requested relief, that is, return of bail for plaintiff's family members. The pleading deficiencies prevent this Court from proceeding on plaintiff's amended complaint. Plaintiff has failed to cure deficiencies despite having the opportunity to amend his original complaint.

### Section 1983 Deficiencies

The amended complaint refers to *section 1983*, which provides:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

To state a *section 1983* claim, a plaintiff must plead that: (1) defendants acted under color of state law at the time the complained of act was committed; and (2) defendants deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).* [*9] The amended complaint fails to state colorable claims (or any claims for that matter) by plaintiff against defendants. The amended complaint fails to allege defendants acted under color of state law. The amended complaint points to no constitutional right of which defendants deprived plaintiff.

Moreover, *section 1983* requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).* The Ninth Circuit Court of Appeals has held that "[a] person subjects' another to deprivation of a constitutional right, within the meaning of *section 1983*, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).* The amended complaint fails to satisfy the linking requirement as to defendants and to articulate how defendants deprived plaintiff of constitutional rights and resulting harm.

### Standing And Real [*10] Party In Interest

To highlight the amended complaint's lack of clarity, the amended complaint appears to address claims of plaintiff's wife and/or other family members who are not clearly identified as plaintiffs and who have neither paid the $ 250 filing fee nor filed an in forma pauperis application. All documents filed with this Court must bear the original signature of the filing party or parties. *See F.R.Civ.P. 11*; Local Rule 7-131(b). Plaintiff lacks standing and is not a real party in interest to pursue claims for his wife or other family members.

The constitutional requirements for standing emanate from Article III, section 2 of the United States Constitution, which grants federal courts jurisdiction over "cases" and "controversies." *Kardules v. City of Columbus, 95 F.3d 1335, 1346 (6th Cir. 1996).* "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and exercise of the court's remedial powers." *Warth v. Seldin, 422 U.S. 490, 518, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).* To invoke standing, a plaintiff must allege [*11] "(a) a particularized injury (b) concretely and demonstrably resulting from defendant's action (c) which injury will be redressed by the remedies sought." *Bowker v. Morton, 541 F.2d 1347, 1349 (9th Cir. 1976).*

"At an irreducible minimum, Article III requires that the plaintiff show that he has personally suffered some actual or threatened injury as a result of defendant's illegal conduct . . . and that the injury fairly can be traced to the challenged action' and is likely to be redressed by a favorable decision.'" *Fair v. United States Envir. Protection Agency, 795 F.2d 851, 853 (9th Cir. 1986)* (citation omitted; quoting *Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1925, 48 L. Ed. 2d 450 (1975)* (standing is a constitutional limitation of federal court jurisdiction to actual cases or controversies and absent a showing of standing, an exercise of federal court power would be inconsistent with Article III limitations)). "Pecuniary injury is a sufficient basis for standing." *Fair, 795 F.2d at 853; see Barlow v. Collins, 397 U.S. 159, 163-164, 90 S.Ct. 832, 835-836, 25 L. Ed. 2d 192 (1970).* [*12]

Standing and real-party-in-interest questions overlap to the extent they ask whether the plaintiff has a personal interest in the controversy. *Whelan v. Abell, 293 U.S. App. D.C. 267, 953 F.2d 663, 672 (D.C.), cert. denied, 506 U.S. 906, 113 S.Ct. 300, 121 L. Ed. 2d 223 (1992). F.R.Civ.P. 17(a)* addresses real party in interest and provides in pertinent part: "Every action shall be prosecuted in the name of the real party in interest." "*Rule 17(a)* is designed to ensure that lawsuits are brought in the name of the party possessing the substantive right at issue." *Klamath-Lake Pharmaceutical Association v. Klamath Medical Service Bureau, 701 F.2d 1276, 1282 (9th Cir.*

Case 1:07-cv-06116    Document 19-2    Filed 01/11/2008    Page 4 of 4

Page 4
2005 U.S. Dist. LEXIS 32929, *

*1983). F.R.Civ.P. 17(a)*'s function "is simply to protect the defendant against [a] subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." F.R.Civ.P. Adv. Comm. Note.

The amended complaint fails to allege facts to demonstrate that plaintiff is a proper party to invoke judicial resolution of a dispute as to his wife or family members and to [*13] exercise this Court's remedial powers as to his wife or family members. The amended complaint fails to allege plaintiff suffered actual or threatened injury as a result of a defendant's conduct. The amended complaint fails to establish that plaintiff possesses substantive rights as to his wife or family members.

**Malice**

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex defendants. The amended complaint reflects plaintiff's attempt in other forums to address claims. Such attempt to vex defendants provides further grounds to dismiss plaintiff's amended complaint.

**CONCLUSION AND RECOMMENDATION**

Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds that the amended complaint fails to: (1) satisfy pleading, standing and real-party-in-interest requirements; and (2) state a cognizable claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to *28 U.S.C. § 636(b)* and this Court's Local *Rule 72-304*. No later than December 29, 2005, plaintiff may file written objections [*14] with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the magistrate judge's ruling pursuant to *28 U.S.C. § 636(b)*. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)*.

**Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse is to object to these findings and recommendations. Plaintiff is further admonished this Court will strike any papers to attempt to file an amended complaint unless this Court specifically grants plaintiff permission to file an amended complaint.**

IT IS SO ORDERED.

**Dated: December 13, 2005**

**Lawrence J. O'Neill**

UNITED STATES MAGISTRATE JUDGE