

EXHIBIT D

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant, v. CONCENTRA HEALTH SERVICES, INCORPORATED, Defendant-Appellee.**

No. 06-3436

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

496 F.3d 773; 2007 U.S. App. LEXIS 18487; 101 Fair Empl. Prac. Cas. (BNA) 212; 90 Empl. Prac. Dec. (CCH) P42,917

May 25, 2007, Argued
August 3, 2007, Decided

**PRIOR HISTORY:** [**1]
Appeal from the United States District Court for the Northen District of Illinois, Eastern Division. No. 05 C 1109. Wayne R. Andersen, Judge.
*EEOC v. Concentra Health Servs., 2006 U.S. Dist. LEXIS 67125 (N.D. Ill., July 12, 2006)*

**COUNSEL:** For EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff - Appellant: Joseph A. Seiner, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, DC USA.

For CONCENTRA HEALTH SERVICES, INCORPORATED, Defendant - Appellee: James J. Oh, LITTLER MENDELSON, Chicago, IL USA.

**JUDGES:** Before BAUER, CUDAHY and FLAUM, Circuit Judges.

**OPINION BY:** CUDAHY; FLAUM

**OPINION**

[*775] CUDAHY, *Circuit Judge.* Charles Horn complained to the Equal Employment Opportunity Commission that his employer, Concentra Health Services, Inc., fired him when he reported a sexual affair between his supervisor and another employee. The EEOC brought an action against Concentra, arguing that Concentra had violated the anti-retaliation provision of Title VII of the Civil Rights Act of 1964. The district court dismissed the EEOC's complaint without prejudice, holding that the anti-retaliation provision did not protect Horn's report. The EEOC responded by filing a markedly less detailed amended complaint that did not allege the specifics of Horn's report. The district court dismissed the amended complaint with prejudice. The EEOC appeals [**2] and we affirm, holding that the amended complaint failed to provide Concentra with sufficient notice of the nature of the EEOC's claim.

**I. Background**

In 2003, Charles Horn filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). In it he alleged that, while working as an Assistant Center Administrator for Concentra Health Services, Inc. (Concentra) in August 2001, he discovered that his supervisor and another employee were having a sexual affair. In April 2002 Horn further learned that the supervisor was giving the employee preferential treatment because of this relationship. The charge stated that on April 25, 2002, Horn reported the situation to Concentra's brass. Concentra allegedly responded by, among other things, firing Horn on a pretext.

The EEOC investigated Horn's charge and sued Concentra under Title VII of the Civil Rights Act of 1964, using its power to "bring a civil action against any respondent . . . named in the charge." *42 U.S.C. § 2000e-5(f)(1)*. Its terse complaint alleged that Concentra had retaliated against Horn because he "opposed [a] practice made an unlawful employment practice" by Title VII, in violation of *42 U.S.C. § 2000e-3(a).* [**3] The complaint also laid out the broad details alleged in Horn's charge: Horn reported to Concentra's Director of Human Resources that "his female supervisor gave a male subordinate, with whom she was having an inappropriate sexual relationship, preferential treatment over similarly situated employees with respect to his employment," and Concentra responded by firing Horn. (Compl. P 7.)

The district court granted Concentra's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It reasoned that employees are protected against retaliation only when they reasonably believe that the activities they oppose violate Title VII, *see Clark County Sch. Dist. v. Breeden, 532 U.S.*

Case 1:07-cv-06116    Document 19-5    Filed 01/11/2008    Page 2 of 8

Page 2
496 F.3d 773, *; 2007 U.S. App. LEXIS 18487, **;
101 Fair Empl. Prac. Cas. (BNA) 212; 90 Empl. Prac. Dec. (CCH) P42,917

*268, 269-71, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001)* (per curiam); *Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc., 224 F.3d 701, 706-07 (7th Cir. 2000)*, and that it was clear at the time Horn reported the affair that favoring a subordinate because of a sexual relationship did not, without more, violate Title VII, *see Preston v. Wis. Health Fund, 397 F.3d 539, 541 (7th Cir. 2005)*; *Schobert v. Ill. Dep't of Transp., 304 F.3d 725, 733 (7th Cir. 2002)*. The court concluded that, assuming Horn had believed that [**4] the affair violated Title VII, [*776] his belief was not reasonable, and that the EEOC's complaint therefore did not state a claim of illegal retaliation. *EEOC v. Concentra Health Servs., Inc., No. 05 C 1109, 2005 U.S. Dist. LEXIS 26926, 2005 WL 2989904, *2 (N.D. Ill. Nov. 3, 2005)*.

The dismissal was without prejudice and rather than stand on its complaint and challenge the district court's interpretation of Title VII, the EEOC chose to file an amended complaint that is the subject of this appeal. It differs from the original in only one respect: the seventh paragraph, which sets forth the EEOC's claim, is conspicuously less detailed and specific.

> Since at least 2001, Defendant has engaged in unlawful employment practices at its Elk Grove location, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such unlawful employment practices include, but are not limited to, retaliating against Horn after he opposed conduct in the workplace that he objectively and reasonably believed in good faith violated Title VII by reporting the conduct to Concentra's Director of Human Resources. Concentra's retaliation includes, but is not limited to, issuing Horn unwarranted negative evaluations and terminating him.

(Am. Compl. [**5] P 7.) Thus, the amended complaint does not specify the nature of the conduct Horn reported to the Human Resources Director other than to indicate that Horn reasonably believed that it violated Title VII.

Concentra again moved to dismiss. The district court, noting that the "amended complaint is even more vague than the original," *EEOC v. Concentra Health Servs., Inc., No. 05 C 1109, 2006 U.S. Dist. LEXIS 67125, 2006 WL 2024240, *1 (N.D. Ill. July 12, 2006)*, granted the motion with prejudice, offering two alternative and radically different (indeed logically inconsistent) bases for its decision. First, it concluded that the complaint did not provide sufficient notice of the nature of the EEOC's claim "because it offers only a conclusory allegation rather than offering any facts to support the claim," and more specifically because it does not "specify what conduct Horn believed to violate Title VII." *2006 U.S. Dist. LEXIS 67125 at *6*. Second, it concluded that Horn's EEOC charge is "central to [the EEOC's] claim" (in that a charge is a statutory prerequisite to the EEOC's suit) and consequently should be considered part of the complaint, even though it was not physically attached to the complaint. *2006 U.S. Dist. LEXIS 67125 at *3*. The court reasoned that because [**6] the amended complaint refers to the charge, the EEOC must adopt all of the charge's allegations and plead itself out of court again. *2006 U.S. Dist. LEXIS 67125 at *4-7*. The EEOC now appeals.

## II. Discussion

*Rule 12(b)(6)* permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)* (quoting *Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957))* (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic, 127 S. Ct. at 1965, 1973 n.14*. Concentra argues in the alternative that the EEOC's complaint [*777] has failed to meet either of [**7] these requirements; we discuss the latter first.

### A. Did the EEOC Plead Itself Out of Court?

One reason Concentra offers for affirming the dismissal of the EEOC's amended complaint is that the EEOC has pleaded itself out of court by alleging that Horn reported his supervisor's favoritism to a lover. This argument reflects a fond nostalgia for the EEOC's original complaint, which alleged those facts and was dismissed because the allegations neither constituted a violation of Title VII nor "suggest[ed]" such a violation. *EEOC v. Concentra Health Servs., Inc., 2006 U.S. Dist. LEXIS 67125, 2006 WL 2024240, *5 (N.D. Ill. July 12, 2006)*. That original dismissal was probably correct. True, while the original complaint stressed the rejected "favoring a paramour" theory, it did not logically foreclose the possibility that some other aspect of Horn's report might have furnished a ground for relief. Perhaps, as Concentra now suggests, the reported affair was not

Case 1:07-cv-06116  Document 19-5  Filed 01/11/2008  Page 3 of 8

Page 3
496 F.3d 773, *; 2007 U.S. App. LEXIS 18487, **;
101 Fair Empl. Prac. Cas. (BNA) 212; 90 Empl. Prac. Dec. (CCH) P42,917

consensual but rather the result of quid-pro-quo sexual harassment. Some of our cases suggest that such a possibility is enough to avoid dismissal. *See, e.g., Kolupa v. Roselle Park Dist., 438 F.3d 713, 715 (7th Cir. 2006)* (stating that dismissal is proper only "when [**8] it would be necessary to contradict the complaint in order to prevail on the merits").

Those cases, however, are no longer valid in light of the Supreme Court's recent rejection of the famous remark in *Conley v. Gibson* from which they derive, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic, 127 S. Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. at 45-46)*. As the *Bell Atlantic* Court explained, it is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, *id. at 1968-69*, by providing allegations that "raise a right to relief above the speculative level," *id. at 1965*. Horn's report of a sexual affair is logically consistent with the possibility that the affair was caused by quid-pro-quo sexual harassment, but it does not *suggest* that possibility any more than money changing hands suggests robbery. Dismissal was probably correct.

But enough of this trip down memory lane; why are allegations contained in the original complaint relevant [**9] to this appeal? The original complaint was dismissed and the EEOC does not seek to resurrect it. The amended complaint does not contain the specifics of Horn's report, which the EEOC undoubtedly excluded precisely to avoid pleading itself out of court. Concentra does not contend that the bare allegations of the amended complaint's seventh paragraph fail to plausibly suggest a right to relief. [1] Neither does it [*778] argue that the EEOC is still bound by the allegations of its original complaint, which it is not. *188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 736 (7th Cir. 2002); Nisbet v. Van Tuyl, 224 F.2d 66, 71 (7th Cir. 1958)*.

1   Concentra probably avoids this contention with good reason. That Concentra might retaliate against Horn for a report protected by Title VII seems no less plausible than that a prison doctor might improperly withhold desperately needed medication, see *Erickson v. Pardus, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)* (per curiam), or that a driver might negligently strike a pedestrian, *see* Fed. R. Civ. P. Form 9; *see also* Fed. R. Civ. P. 44 (stating that the forms "are sufficient under the rules"). *Bell Atlantic* itself does not appear to suggest that the *bare idea* of an antitrust [**10] conspiracy among major telephone companies like the one alleged in that case is implausible; rather, it appears to hold that the plaintiffs pleaded themselves out of court with detailed "allegations of parallel conduct" that did not plausibly suggest such a conspiracy. *Bell Atlantic, 127 S. Ct. at 1963, 1966*. The Court did not decide whether the complaint would have been dismissed "had [it] not explained that the claim of agreement rested on the parallel conduct described." *Id. at 1970 n.10*. The Court suggested that it might have been dismissed, but because it "would [not] have given the notice required by Rule 8," not because its allegations would have been implausible. *Id.; see also id. at 1966 & n.5* (stressing that adequate notice and plausibility are two distinct, parallel requirements).

Concentra does argue that the EEOC is bound by Horn's EEOC charge. The EEOC did not attach the charge to its complaint, which would have made the charge part of the pleadings under *Fed. R. Civ. P. 10(c)*, but Concentra relies on a "narrow exception" to *Rule 10(c)* holding that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's [**11] complaint and are central to his claim." *Cont'l Cas. Co. v. Am. Nat'l Ins. Co., 417 F.3d 727, 731 n.3 (7th Cir. 2005); 188 LLC, 300 F.3d at 735*. The amended complaint refers to the charge because it satisfies a statutory prerequisite to the EEOC's suit, since the EEOC can sue only a "respondent . . . named in [a] charge," *42 U.S.C. § 2000e-5(f)(1)*, and Concentra contends that the charge is "central" to the EEOC's claim for that same reason. Because the charge contains allegations similar to those of the original complaint, Concentra concludes, the EEOC has foolishly pleaded itself out of court again, despite its plain desire to avoid doing just that.

Concentra's argument does not work because while the defendant the EEOC sues must be named as a respondent in a charge, the facts it seeks to prove need not be listed there. The charge triggers the investigation, but "if the investigation turns up additional violations, the [EEOC] can add them to its suit"; there is no need for the EEOC's complaint to be "closely related to the charge." *EEOC v. Caterpillar, Inc., 409 F.3d 831, 833 (7th Cir. 2005)*. Given that flexibility, the charge need not be "central" to the complaint, and consequently [**12] need not be considered part of it. *See Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998)* ("[T]his is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.").

Moreover, even if the EEOC had attached the charge to its amended complaint, it would have adopted its allegations only if it relied on the charge to form the basis of

Case 1:07-cv-06116   Document 19-5   Filed 01/11/2008   Page 4 of 8

Page 4
496 F.3d 773, *; 2007 U.S. App. LEXIS 18487, **;
101 Fair Empl. Prac. Cas. (BNA) 212; 90 Empl. Prac. Dec. (CCH) P42,917

its claims. *Carroll v. Yates,* 362 F.3d 984, 986 (7th Cir. 2004); *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 455-56 (7th Cir. 1998). Plaintiffs often attach documents to complaints for other reasons entirely. For instance, a plaintiff challenging an administrative action might attach a copy of the administrator's decision to its complaint in order to illustrate the action it attacks, but it would not by doing so adopt all of the administrator's assertions as its own (indeed, quite the contrary). *Carroll,* 362 F.3d at 986. In the present case, the EEOC similarly referred to Horn's charge not to catalogue the facts it hoped to prove at trial, but only to show that "[a]ll conditions precedent [**13] to the institution of this lawsuit have been fulfilled," in other words, that a charge naming Concentra as respondent had been filed. (Am. Compl. P 6.) The EEOC's considerate decision to include this fact in its complaint did not compel it to adopt the charge's statements [*779] as its own and thereby plead itself out of court.

**B. Did the EEOC Provide Fair Notice of Its Claims?**

This leaves the second ground on which Concentra urges us to affirm the dismissal of the complaint: that it fails to specify the conduct that Horn reported to the Director of Human Resources (except, of course, to say that Horn reasonably believed it violated Title VII). Rule 8(a)(2)'s "short and plain statement of the claim" must contain a minimal level of factual detail, although that level is indeed very minimal. *See Bell Atlantic,* 127 S. Ct. at 1964-65 & n.3 (2007). The classic verbal formula is that a complaint need only be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 1964 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*); *Cler v. Ill. Educ. Ass'n,* 423 F.3d 726, 729 (7th Cir. 2005). [2] This formula captures [**14] a mood of liberal pleading that is enough to settle the sufficiency of most federal complaints, but "it isn't anything that we can use with any precision." Charles E. Clark, *Pleading Under the Federal Rules,* 12 Wyo. L.J. 177, 181 (1957-1958). [3] "[T]o determine exactly what is 'enough'" in a rare close case, a court must attend closely to the purpose of the federal pleading rules and the guidance offered by prior decisions. *McCormick v. City of Chicago,* 230 F.3d 319, 323-26 (7th Cir. 2000).

2  We have sometimes used other formulas, stating, for instance, that complaints must give defendants "a reasonable opportunity to form an answer," *Pratt v. Tarr,* 464 F.3d 730, 732 (7th Cir. 2006), and enable defendants to "begin to prepare their defense," *id.* at 733.

3  Requiring an opportunity to form an answer or to begin to prepare a defense might sound more like an easy-to-apply yardstick until one realizes that neither standard can be taken literally. Rule 8(b) would permit any defendant to answer even the most vacuous and vague complaints truthfully and without prejudice to its defense by answering that it is "without knowledge or information sufficient to form a belief as to the truth of [its] [**15] averments," rendering Rule 8(a)(2) empty. Similarly, a defendant can always begin to investigate and prepare a defense by serving a contention interrogatory on the plaintiff in discovery. *Pratt v. Tarr,* 464 F.3d 730, 733 (7th Cir. 2006); *Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 857, 860 (7th Cir. 1999). What our cases require, however, is that a defendant know some quantum of information about the plaintiff's claim before discovery starts. The question that must be resolved in close cases is how much information is required.

As the EEOC asserts, "[t]he intent of the liberal notice pleading system is to ensure that claims are determined on their merits rather than through missteps in pleading." 2 James W. Moore, et al., *Moore's Federal Practice* § 8.04 (3d ed. 2006); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Conner v. Ill. Dep't of Natural Res.,* 413 F.3d 675, 679 (7th Cir. 2005). Requiring a plaintiff to plead detailed facts interferes with that goal in multiple ways. First, and most importantly, the number of factual details potentially relevant to any case is astronomical, and requiring a plaintiff to plead facts that are not obviously important and easy to [**16] catalogue would result in "needless controversies" about what is required that could serve only to delay or prevent trial. Charles E. Clark, *Special Pleading in the "Big Case,"* 21 F.R.D. 45, 53 (1957); *see also Luckett v. Rent-A-Center, Inc.,* 53 F.3d 871, 873 (7th Cir. 1995) (warning that "the pleading stage is not the occasion for technicalities"). Most details are more efficiently learned through the flexible discovery process. *Swierkiewicz,* 534 U.S. at [*780] 512-13; *Walker v. Benjamin,* 293 F.3d 1030, 1039 (7th Cir. 2002). "Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998); *see also Dioguardi v. Durning,* 139 F.2d 774, 775 (2d Cir. 1944) (describing the attempts to force all facts into the complaint as "judicial haste which in the long run makes waste"). Second, a plaintiff might sometimes have a right to relief without knowing every factual detail supporting its right; requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim. *Am. Nurses' Ass'n v. State of*

Case 1:07-cv-06116   Document 19-5   Filed 01/11/2008   Page 5 of 8

Page 5

496 F.3d 773, *; 2007 U.S. App. LEXIS 18487, **;
101 Fair Empl. Prac. Cas. (BNA) 212; 90 Empl. Prac. Dec. (CCH) P42,917

*Illinois, 783 F.2d 716, 723 (7th Cir. 1986);* [**17] *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago, 747 F.2d 384, 404 (7th Cir. 1984), aff'd, 473 U.S. 606, 105 S. Ct. 3291, 87 L. Ed. 2d 437 (1985).*

But a pleading standard designed to protect litigants and their lawyers from needless, counterproductive technicality is less convincingly invoked by a government agency seeking to simply step around a more informative complaint that has been dismissed for failure to state a claim. The rules do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation. Judge Charles Clark, the reporter of the committee that drafted *Rule 8*, once described the need for common sense in pleading standards, asking rhetorically why the federal rules did not eliminate pleadings entirely:

> Why not go to the other extreme and say, "I want you to answer in a tort action," or something like that? Well, I think the answer is quite simply that we want to get what we can easily get that will be helpful. We want the lawyers to "do what comes naturally." . . . [W]hat serves as a good form of communication among lawyers is desirable here.

Charles E. Clark, *Pleading Under the Federal Rules*, 12 Wyo. L.J. 177, 183 (1957-1958). Encouraging a plaintiff to plead what [**18] few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations (that is, by providing "fair notice" of the plaintiff's claim) and, if appropriate, permitting a quick test of the legal sufficiency of those allegations. *Conner, 413 F.3d at 679; Ryan v. Mary Immaculate Queen Ctr., 188 F.3d 857, 860 (7th Cir. 1999).*

In the present case the EEOC's lawyers failed to persuade the district court that the facts it originally pleaded stated a claim, so it deleted enough information to disguise the nature of its claim before the court. This gambit is not necessarily fatal to a claimant, but such obfuscation certainly does not intuitively comport with the purposes of notice pleading. A complaint should contain information that one *can* provide and that is clearly important; the EEOC has removed information that it *did* provide and that showed that its prior allegations did not state a claim. The one redeeming possibility is that the original complaint contained detail that was not easily provided or obviously helpful. In general that is not an unlikely possibility; federal complaints are more often [**19] than not prolix far beyond anything *Rule 8* requires. *Jackson v. Marion County, 66 F.3d 151, 154 (7th Cir. 1995); Am. Nurses' Ass'n, 783 F.2d at 723-24.* But in the present case the EEOC's original complaint was a model of economy. The claim itself was set forth in less than a page and the critical details were contained in a single eight-line paragraph, the very paragraph targeted for excision in the amended complaint. There was no fat to trim. The EEOC should have been seriously concerned [*781] that its amended complaint sliced away the very meat of its claim.

Precedent confirms that a plaintiff like the EEOC alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected. *Kyle v. Morton High Sch., 144 F.3d 448, 454 (7th Cir. 1998).* In *Kyle*, a public schoolteacher alleged that he was fired because of his otherwise unspecified "political and advocacy or perceived political and advocacy activities." The district court dismissed and we affirmed, holding that "the complaint for a *First Amendment* violation must at least put the defendants on notice that some specific speech or conduct by the plaintiff [**20] led to the termination." *Id. at 454.* Providing such detail was "not a particularly cumbersome assignment," *id. at 454*, and the information was of obvious critical importance to Kyle's case. It might turn out that the speech Kyle *thought* was protected by the *First Amendment* was in fact not, a possibility that could be quickly tested if Kyle were to specify the speech in greater detail. *Id. at 455.* Kyle's reticence also frustrated "the defendants' ability to even investigate [his] claim . . . . For example, the Morton School Board cannot ask its board members if they were aware of the speech, conduct or political association engaged in by Kyle--because none is alleged." *Id. at 455.*

Like the *Kyle* complaint, the EEOC's amended complaint fails to provide the notice required by *Rule 8(a)(2)*; it must further specify the "conduct in the workplace" that Horn reported. This is, if anything, a less "cumbersome requirement" than Kyle faced; surely Horn must remember in some detail what he said to the Human Resources Director and must have relayed that information to the EEOC during its investigation. (Of course, as the EEOC cagily observed at oral argument, there is nothing in the complaint itself [**21] to indicate the full extent of what Horn told it, but the EEOC cannot avoid a requirement to provide limited detail simply by failing to provide it and suggesting--not even asserting!--that it cannot do so.)

Further, although the EEOC's amended complaint may not be *quite* as vague as the *Kyle* complaint (it alleges the title of the Concentra official to whom Horn reported the Title VII violation, which at least gives Concentra a place to start investigating what Horn might have said), additional details of Horn's actions are critically important to the case and might facilitate a quick

Case 1:07-cv-06116   Document 19-5   Filed 01/11/2008   Page 6 of 8

Page 6

496 F.3d 773, *; 2007 U.S. App. LEXIS 18487, **;
101 Fair Empl. Prac. Cas. (BNA) 212; 90 Empl. Prac. Dec. (CCH) P42,917

resolution on the merits. Just as Kyle might have misconstrued the scope of *First Amendment* protection, so the EEOC and Horn may have misconstrued the scope of Title VII. *See, e.g., Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 224 F.3d 701, 704-07 (7th Cir. 2000) (describing a plaintiff that mistakenly thought Title VII prohibited discrimination on account of sexual orientation). Even a description in very general terms ("Horn complained that Concentra denied employees promotions because of their race," "Horn complained that Concentra supervisors were subjecting female employees to a hostile work [**22] environment," or some similar phrase) would give Concentra a much clearer idea of the EEOC's claim.

We have stated that a plaintiff alleging employment discrimination on the basis of race, sex or some other factor governed by *42 U.S.C. § 2000e-2* may allege the defendant's intent quite generally: "'I was turned down for a job because of my race' is all a complaint has to say." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *see also Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) (holding that a religious discrimination plaintiff need only say that the employer "h[eld] the worker's religion against him"). [*782] The EEOC argues that its present complaint is just as informative as these. But we are unaware of any court that has approved a retaliation complaint as stripped-down as the EEOC's; one court has merely suggested, in dicta, that it might. *See Rochon v. Gonzales*, 370 U.S. App. D.C. 74, 438 F.3d 1211, 1220 (D.C. Cir. 2006) (suggesting that a Title VII retaliation plaintiff need only allege that the defendant "retaliated against me because I engaged in protected activity"). It is rarely proper to draw analogies between complaints alleging different sorts of claims; the type of facts that [**23] must be alleged depend upon the legal contours of the claim. *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006); Charles E. Clark, *The Complaint in Code Pleading*, 35 Yale L.J. 259, 265 (1926). *See also Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction."); *Loubser v. Thacker*, 440 F.3d 439, 442-43 (7th Cir. 2006) ("Although conspiracy is not something that *Rule 9(b)* . . . requires be proved with particularity . . . it differs from other claims in having a degree of vagueness that makes a bare claim of 'conspiracy' wholly uninformative to the defendant.").

The simple allegation of racial discrimination described in *Bennett* is factually richer than the empty assertion of Title VII retaliation here. People have reasonably clear ideas of how a racially biased person might behave, and a defendant responding to an allegation [**24] of racial bias can anticipate the sort of evidence that may be brought to bear and can investigate the claim (by inquiring if any decision-making employees have a background of making racially insensitive comments and the like). An allegation of retaliation for some unspecified act does not narrow the realm of possibility nearly as much. Further, once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim. Requiring a more detailed complaint in *Bennett* would have replicated the inefficient chase for facts decried in *Bennett* and *Dioguardi*.

But to require a more detailed complaint in the present case is neither to adopt fact pleading nor to impose the heightened pleading required in some instances by *Rule 9(b)*; it is only to insist upon easily provided, clearly important facts. The proper analogue for the present complaint is not a complaint alleging racial discrimination in hiring; it is a complaint in which the plaintiff withholds the basis upon which she suspects her employer acted: "I was turned down for a job for a reason forbidden by [**25] Title VII." To permit the EEOC's complaint would reward obfuscation, a perverse result.

Failure to provide fair notice should not normally warrant a dismissal *with prejudice*. *See Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 609-10 (7th Cir. 1987). *Rule 8(a)(2)* does not seek detail that a plaintiff cannot provide, so a plaintiff should be able to re-plead successfully. But the EEOC has not argued that the district court should have permitted a second amended complaint, [4] so we need not address that issue. We need only affirm.

> 4   We have no way of knowing why the EEOC did not request further repleading, but one cannot help wondering whether the EEOC has any theory on which it hopes to succeed at trial other than the rejected "favoring the paramour" claim. The EEOC has done nothing to explain why, if it has reason to believe there were other bases for retaliation, it left those bases out of its original complaint. Under these circumstances, one can understand why Concentra angrily accuses the EEOC of "hid[ing] the ball" and playing a "shell game." (Br. of Def.-Appellee at 6.) If the EEOC is indeed playing such a game, it should be glad that its appeal has failed: discovery might have revealed [**26] evidence showing that it merited sanctions for filing a pleading intended "to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Fed. R. Civ. P.*

Case 1:07-cv-06116    Document 19-5    Filed 01/11/2008    Page 7 of 8

Page 7

496 F.3d 773, *; 2007 U.S. App. LEXIS 18487, **;
101 Fair Empl. Prac. Cas. (BNA) 212; 90 Empl. Prac. Dec. (CCH) P42,917

*11(b)(1); see also Pepper v. Vill. of Oak Park, 430 F.3d 805, 812 (7th Cir. 2005)* (stressing that pleadings serve "to provide notice, not to prolong a losing case beyond its natural life").

At oral argument the EEOC *did* request permission to replead in the event that the applicable pleading standards had been changed by the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. Even assuming that *Bell Atlantic* changed the level of detail required by notice pleading, which seems doubtful, *see supra* note 1; *see also Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 2007 U.S. App. LEXIS 16204, 2007 WL 1969681, *3-4 (10th Cir. 2007); Roth v. Jennings, 489 F.3d 499,  , 2007 WL 1629889, *29 (2d Cir., 2007); but see Iqbal v. Hasty, 490 F.3d 143, 2007 U.S. App. LEXIS 13911 *27, 2007 WL 1717803, *8-*11 (2d Cir. 2007)* (noting that *Bell Atlantic* created "[c]onsiderable uncertainty concerning the standard for assessing the adequacy of pleadings" and analyzing "conflicting [**27] signals" in the Court's opinion), we hold that the amended complaint failed to provide adequate notice under precedents that long preceded *Bell Atlantic*, so the requested relief is unnecessary.

[*783]

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

**CONCUR BY:** FLAUM

**CONCUR**

FLAUM, *Circuit Judge*, concurring. I join the majority's final conclusions that the EEOC's complaint does not meet the notice pleading standards of *Rule 8(a) of the Federal Rules of Civil Procedure* and that the EEOC did not plead itself out of court by referring to the charge in its complaint. I respectfully disagree, however, that the complaint was insufficient under our *pre-Bell Atlantic* case law. [1]

---

1   I also disagree with the majority's suggestion that *Bell Atlantic* dismissed the plaintiffs' suit because they pled too much detail. *See* slip op. at n.1. Rather, it appears that the Court dismissed the plaintiffs' complaint because it did not plead enough. *See Bell Atlantic, 127 S. Ct. at 1964-69* ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

In my judgment, the EEOC's complaint--which alleged that Concentra retaliated [**28] against Horn because he reported a colorable Title VII violation--was sufficient before *Bell Atlantic*, as I find it difficult to distinguish from other equally sparse pleadings that this Court previously approved. *See Kolupa v. Roselle Park Dist., 438 F.3d 713, 714 (7th Cir. 2006)* (noting that a complaint would satisfy *Rule 8(a)* if it alleged that an "employer . . . caused some concrete injury by holding the worker's religion against him"); *Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998)* (noting that a complaint would satisfy *Rule 8(a)* if it alleged "I was turned down for a job because of my race"). Moreover, other circuits have approved complaints that, for all practical purposes, are the same as the one in this case. *See Rochon v. Gonzales, 370 U.S. App. D.C. 74, 438 F.3d 1211, 1220 (D.C. Cir. 2006)* (stating that a complaint in a retaliation case need only say, "[T]he Government retaliated against me because I engaged in protected activity."); *Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006)* ("[T]o plead a retaliation claim under the *First Amendment*, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness [**29] from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the [*784] retaliatory action."). [2]

---

2   In *Kyle v. Morton High School, 144 F.3d 448, 454 (7th Cir. 1998)*, the pre-Bell *Atlantic* decision which the majority opinion cites approvingly, this Court held that the plaintiff's complaint did not give the defendant notice of his claim because it did not allege that the plaintiff engaged in protected speech and pled only legal conclusions without providing any supporting facts. However, in *McCormick v. City of Chicago, 230 F.3d 319, 324-25 (7th Cir. 2000)*, this Court separated itself from the position that a plaintiff cannot state a claim by reciting mere legal conclusions. As a result, the *Kyle* approach was limited, at least to the extent that it required a plaintiff alleging retaliation to provide details about his protected speech.

Although I conclude that the EEOC's complaint would have been sufficient under this and other circuits' pre-Bell *Atlantic* case law, I am unable to share the majority's view that *Bell Atlantic* left our notice pleading jurisprudence intact. Indeed, as I read *Bell Atlantic*, the Supreme Court in interpreting *Rule 8(a)* [**30] required that a plaintiff plead enough facts to demonstrate a plausible claim. *Bell Atlantic, 127 S. Ct. at 1965* ("Factual allegations must be enough to raise a right to relief above the speculative level."). *Cf. Kolupa, 438 F.3d at 715* (stating that "complaints need not plead facts"). Because in my view the EEOC's complaint did not meet that

496 F.3d 773, *; 2007 U.S. App. LEXIS 18487, **;
101 Fair Empl. Prac. Cas. (BNA) 212; 90 Empl. Prac. Dec. (CCH) P42,917

Page 8

threshold, I concur in the majority's decision to affirm the district court's dismissal.