

LEXSEE 2006 U.S. DIST. LEXIS 78906

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, and CONNIE STACEY, BEVERLY SANDERS, TAMMY THOMPSON, JULIE WOLF and GRACE BELLAMY, Plaintiff/intervenors, vs. J.D. STREETT & COMPANY, INC., d/b/a HARRISBURG BP, Defendant.

Case No.: 05-cv-4186-JPG

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

2006 U.S. Dist. LEXIS 78906

October 30, 2006, Decided

**PRIOR HISTORY:** *EEOC v. J.D. Streett & Co., 2006 U.S. Dist. LEXIS 22345 (S.D. Ill., Mar. 29, 2006)*

**COUNSEL:** [*1] For Equal Employment Opportunity Commission, Plaintiff: Barbara A. Seely, Equal Employment Opportunity Commission, St. Louis, MO; Gwendolyn Y. Reams, James L. Lee, Robert G. Johnson, Equal Employment Opportunity Commission - St. Louis, MO, St. Louis, MO; Melvin D. Kennedy, Equal Employment Opportunity Commission - St. Louis, MO, Generally Admitted, St. Louis, MO.

For Grace Bellamy, Beverly Sanders, Connie Stacey, Tammy Thompson, Julie Wolf, Intervenor Plaintiffs: Kristen L. Glasford, Shari R. Rhode, Rhode & Jackson, P.C., Carbondale, IL.

For J.D. Streett & Company Inc, doing business as Harrisburg BP, Defendant: Kevin J. Lorenz, Michelle M. Cain, William B. Jones, Laura B. Staley, McMahon, Berger et al. - St. Louis, St. Louis, MO.

**JUDGES:** J. Phil Gilbert, District Judge.

**OPINION BY:** J. Phil Gilbert

**OPINION**

**MEMORANDUM AND ORDER**

THIS MATTER comes before the Court on defendant J.D. Streett & Company, Inc.'s ("J.D. Streett") motion to dismiss the claims of plaintiff/intervenor Julie Wolf ("Wolf") (Doc. 34) pursuant to *Federal Rule of Civil Procedure 12(b)(6)* and motion for summary judgment (Doc. 45) on those same claims. Wolf has responded [*2] to the motions (Docs. 38 & 47), and J.D. Streett has replied to those responses (Docs. 39 & 49).

**I. Procedural History**

The Equal Employment Opportunity Commission ("EEOC") brought this suit on September 29, 2005, alleging unlawful employment practices by J.D. Streett based on sexual harassment of plaintiff-intervenors Connie Stacey, Beverly Sanders, Tammy Thompson, Wolf and other unnamed women employees by a co-worker at a store owned by J.D. Streett. The lawsuit stemmed from the EEOC's investigation of two charges filed by Stacey and Sanders, respectively, on November 25, 2003, both of which alleged that they, as well as other female employees, were subjected to sexual harassment. The EEOC investigated the charges and made a determination that there was reasonable cause to believe that J.D. Streett had violated Title VII of the Civil Rights Act because Stacey, Sanders and other female employees were subject to sexual harassment and a sexually hostile work environment. The EEOC then unsuccessfully attempted conciliation with J.D. Streett before filing this lawsuit to seek relief for Sanders, Stacey, Thompson, Wolf and other women adversely affected by J.D. Streett's alleged [*3] unlawful practices. The Court allowed the plaintiff-intervenors to join this lawsuit pursuant to *Federal Rule of Civil Procedure 24(a)* and *42 U.S.C. § 2000e-5(f)(1)*.

J.D. Streett's two pending motions raise several issues: whether Wolf has exhausted her administrative remedies, whether Wolf is the real party in interest (J.D. Streett erroneously refers to this issue as one of standing), and whether Wolf is judicially estopped from asserting her claims in this litigation. The second and third questions arise because on July 16, 2003, Wolf filed a petition for bankruptcy under Chapter 7 of the Bank-

Case 1:07-cv-06116     Document 19-6     Filed 01/11/2008     Page 2 of 4

Page 2
2006 U.S. Dist. LEXIS 78906, *

ruptcy Code, *11 U.S.C. §§ 1301 - 1330*. She did not list her cause of action against J.D. Streett on her schedules of assets. J.D. Streett claims that as a consequence of Wolf's bankruptcy proceedings, the bankruptcy trustee ("Trustee") is the only party who can pursue this litigation. It also argues that her failure to list her cause of action in her schedules judicially estops her from pursuing it now. The Court believes the real party in interest is a threshold issue that should [*4] be addressed before turning to J.D. Streett's other arguments. Only then can the Court determine if the proper plaintiff in this case has made contradictory representations in Court such that judicial estoppel should apply, *see Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006)*.

## II. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Spath v. Hayes Wheels International-Indiana, Inc., 211 F.3d 392, 396 (7th Cir. 2000)*. The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Spath, 211 F.3d at 396*. Where the moving party fails to meet its strict burden of proof, [*5] a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane, 969 F.2d 368, 371 (7th Cir. 1992)*.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 322-26; Johnson v. City of Fort Wayne, 91 F.3d 922, 931 (7th Cir. 1996)*. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson, 477 U.S. at 247*, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000)*. Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented. [*6] " *Anderson, 477 U.S. at 252; accord Michas, 209 F.3d at 692*.

## III. Real Party In Interest

J.D. Streett asks the Court to grant summary judgment in its favor on the grounds that Wolf lacks standing to pursue this claim. In truth, the issue is whether Wolf can proceed as the real party in interest, not standing. Standing has to do with whether Wolf has alleged that she suffered an injury caused by the defendant that is redressable by the Court. *See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)*. It is undisputed that she meets that standard. The real party in interest question has to do with who is allowed to pursue a cause of action. The defendant claims it is not Wolf, and Wolf does not contradict this assertion in her response brief.

Federal actions must be pursued by the real party in interest. *Fed. R. Civ. P. 17(a)*. Where the debtor has filed a Chapter 7 bankruptcy petition, the trustee of the debtor's estate is the real party in interest in causes of action that accrued prior to the bankruptcy petition because when a party files the petition, all her property, including [*7] any causes of action she may have as of the commencement of the bankruptcy case, becomes property of the estate for administration by the trustee. *See 11 U.S.C. § 541(a)(1); Polis v. Getaways, Inc. (In re Polis), 217 F.3d 899, 900 (7th Cir. 2000)*. Only if the cause of action is exempted or abandoned by the trustee pursuant to *11 U.S.C. § 554* may the debtor pursue it herself.

In this case, it is clear that the Trustee of Wolf's Chapter 7 estate is the real party in interest for the claims in this case. The sexual harassment of which Wolf complains ended in 2001 when she stopped working for J.D. Streett. At that time, any cause of action for sexual harassment she might have had had accrued. Two years later, when she filed her Chapter 7 petition for bankruptcy, her cause of action became a part of the bankruptcy estate subject to the control of the Trustee. That Wolf may not have been aware of her cause of action or failed to list it in her bankruptcy schedule did not prevent it from inclusion in the estate, for the estate includes "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, [*8] and derivative." *Lincoln Office Supply Co. v. Taylor (In re Carousel Int'l Corp.), 89 F.3d 359, 362 (7th Cir. 1996)* (internal quotations and citations omitted); *see 5 Collier on Bankruptcy § 541.08* (15th ed. rev. 2006). Furthermore, Wolf did not exempt this property in her bankruptcy proceedings, and the Trustee did not abandon it. In fact, the absence of this cause of action from Wolf's bankruptcy schedule and the Trustee's representation to the Bankruptcy Court that there were no assets in Wolf's estate indicate that the Trustee did not even know this cause of action existed. Thus, the Trustee is the real party in interest in this action.

Case 1:07-cv-06116  Document 19-6  Filed 01/11/2008  Page 3 of 4

Page 3
2006 U.S. Dist. LEXIS 78906, *

Wolf does not ask the Court to allow her to substitute the real party in interest as a plaintiff in this case. However, even if she had made such a request, the Court would deny it. *Rule 17(a)* provides a way to remedy the erroneous filing of a cause of action by someone who is not the real party in interest:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification [*9] of commencement of the action by, or joinder or substitution of, the real party in interest. . . .

Courts have interpreted this provision to apply only where "substitution of the real party in interest is necessary to avoid injustice." 6A Charles Alan Wright et al., *Federal Practice & Procedure* § 1555 (2d ed. 1990 & Supp. 2006). Thus, it generally applies to situations in which the commencement of the action by the wrong party is an honest mistake, such as where the real party in interest is difficult to determine or where the mistake is excusable. *Id.* On the other hand, if the error was intentional, the Court may dismiss the case without offering the real party in interest an opportunity to ratify or join the action. *See, e.g., Feist v. Consolidated Freightways Corp., 100 F. Supp. 2d 273, 277-80 (E.D. Pa. 1999), aff'd, 216 F.3d 1075 (3d Cir. 2000).*

In this case, neither party addresses the issue of whether Wolf's bringing her claims in this case in her own name was an excusable, honest mistake, in which case the Court should allow the Trustee an opportunity to be substituted for Wolf, or whether it was intentional, in which case [*10] the Court should dismiss the case. The Court asks whether Wolf's error was understandable and concludes that it was not. It appears that the identity of the real party in interest was not difficult to determine in this case. Wolf knew about the facts giving rise to her cause of action in 2001, so her cause of action accrued at that time, well before she filed her bankruptcy petition in 2003. The bankruptcy law that includes such causes of action as property of the estate is clear, and Wolf has had counsel since the commencement of this action. Indeed, she has offered no reasonable explanation for why she brought this suit in her own name. Wolf suggests that the question is more complicated because she did not know until after her bankruptcy filing that she might be able to "piggyback" on the EEOC filings of other plaintiffs (see the Court's March 29, 2006, order (Doc. 28) for a fuller explanation of the "piggybacking" or "single-filing" doctrine). Her lack of knowledge about the viability of her cause of action, however, does not delay the accrual of that claim or provide an excuse for attempting to bring a cause of action that now belongs to someone else.

Furthermore, since Wolf [*11] supposedly learned in July 2005 that she might have had a viable claim against J.D. Streett, she has not moved to reopen her bankruptcy case to add that asset to her schedule. The Court believes that this indicates at the most an intent to defraud the Court and her creditors, and at the least inexcusable neglect. In any case, it does not reflect that Wolf made an honest mistake in filing this litigation in her own name. Further, in the spirit of Local Rule 7.1(c), the Court construes Wolf's utter failure to address the real party in interest issue (or standing, as J.D. Streett refers to it) in her response to the summary judgment motion as an admission of the merits of J.D. Streett's position.

For all these reasons, the Court finds that Wolf's claims are not being prosecuted by the real party in interest, that such error was not an honest, excusable mistake, that substitution of the real party in interest is not necessary to achieve justice, and that therefore, dismissal of Wolf's claims is proper.

### IV. Judicial Estoppel

Even if Wolf had been a real party in interest, the Court would dismiss her claims based on judicial estoppel. The doctrine of judicial estoppel holds [*12] that "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Davis v. Wakelee, 156 U.S. 680, 689, 15 S. Ct. 555, 39 L. Ed. 578 (1895); accord In re Cassidy, 892 F.2d 637, 641 (7th Cir. 1990).* Its goal is "to prevent the perversion of the judicial process" that occurs from litigants' "playing fast and loose with the courts." *Cassidy, 892 F.2d at 641* (internal quotations and citations omitted). The doctrine only applies to intentional self-contradiction that is used to obtain an unfair advantage in the courts. *Id.* For example, judicial estoppel has been applied to prevent a bankruptcy debtor from pursuing post-bankruptcy a cause of action that pre-existed the bankruptcy but which was not listed as an asset in the bankruptcy schedule. *See Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006).* In that case, the court held that "a debtor in bankruptcy is bound by her own representations, no matter why they were made, at least until the debtor moves to amend the disclosures and pay the creditors [*13] their due. . . ." *Id. at 449.*

Wolf argues that J.D. Streett has not presented any evidence that her failure to list this cause of action in her bankruptcy schedule was intentional. This is not entirely true, and the argument is not entirely on point. First, it is not Wolf's intentions during the bankruptcy proceeding alone that are at issue; it is her overall intention in mak-

ing contradictory representations. To the extent that Wolf is intentionally pursuing this suit knowing that she did not list it on her bankruptcy schedules, she is intentionally contradicting her former statement to the Bankruptcy Court.

Second, although J.D. Streett has not presented direct evidence of Wolf's intentions, it has pointed to undisputed circumstantial evidence which, even if viewed in Wolf's favor, demonstrate that her positions are intentionally contradictory. The undisputed facts establish that Wolf's cause of action accrued at the latest in 2001, that she erroneously represented to the Bankruptcy Court she did not own this asset, and that the Bankruptcy Court believed her and gave her a benefit by discharging all of her debt. Now she comes to this Court with a contradictory assertion [*14] -- that her cause of action is worth something -- and seeks to obtain a benefit for herself. Furthermore, Wolf's actions reflect that she intends to pursue contradictory positions. As the Court noted earlier in this order, had Wolf truly realized that she had made an honest mistake in her bankruptcy filing, she could have moved to reopen her bankruptcy proceedings to correct her erroneous schedules. That she has not done so is evidence that her pursuit of this case in light of her failure to list her cause of action was no unintentional error. *See, e.g., Cannon-Stokes, 453 F.3d at 448* (if the debtor "were really making an honest attempt to pay her debts, then as soon as she realized that [the cause of action] *had* been omitted [from her bankruptcy schedules], she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. [The debtor] never did that; she wants every penny of the judgment for herself.").

On the other side, Wolf argues that her contradictory positions are inadvertent and that she did not honestly believe at the time of her bankruptcy petition that she possessed such a cause of [*15] action because the EEOC had not yet begun to investigate the circumstances of her employment at J.D. Streett. However, she offers no evidence, not even her own affidavit, of her intentions or her ignorance of her asset at the time she filed for bankruptcy. Thus, the Court gives no credence to these unsupported allegations.

In sum, the evidence in the record and the reasonable inferences to be drawn from it, even if viewed in Wolf's favor, demonstrate that her positions are intentionally contradictory. For the foregoing reasons, judicial estoppel bars Wolf from proceeding with this case. Had the Court held that Wolf could pursue this action as a real party in interest, it would grant J.D. Streett's summary judgment motion based on judicial estoppel and would dismiss Wolf's claims with prejudice.

## V. Conclusion

For the foregoing reasons, the Court:

. **GRANTS** J.D. Streett's motion for summary judgment (Doc. 45);

. **DISMISSES** Wolf's claims in this case **with prejudice;**

. **DENIES** J.D. Streett's motion to dismiss (Doc. 34) as **moot** in light of the Court's ruling on the summary judgment motion; and

. **DIRECTS** the Clerk of Court [*16] to enter judgment accordingly at the close of the case.

**BIT IS SO ORDERED.**

Date: October 30, 2006

s/ **J. Phil Gilbert, District Judge**