

LEXSEE 2007 U.S. DIST. LEXIS 80187

**LINDA GOETZ, Plaintiff, v. THE CITY OF SPRINGFIELD, ILLINOIS, a municipal corporation, GREG SEIPEL, JAY C. BARTLETT, TODD RENFROW, and TIMOTHY J. DAVLIN, Defendants.**

Case No. 06-CV-3283

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

2007 U.S. Dist. LEXIS 80187

October 29, 2007, Decided
October 30, 2007, E-Filed

**COUNSEL:** [*1] For Linda Goetz, Plaintiff: James P Baker, LEAD ATTORNEY, BAKER BAKER & KRAJEWSKI LLC, Springfield, IL.

For The City of Springfield, Illinois, a municipal corporation, Greg Seipel, Jay C Bartlett, Todd Renfrow, Timothy J Davlin, Defendants: Frank Martinez, LEAD ATTORNEY, Jenifer Lynn Johnson, CITY OF SPRINGFIELD, Springfield, IL.

**JUDGES:** Richard Mills, United States District Judge.

**OPINION BY:** Richard Mills

**OPINION**

RICHARD MILLS, U.S. District Judge:

Plaintiff Linda Goetz brought this suit under Title VII, *42 U.S.C. § 2000e, et seq.*, and under *42 U.S.C. § 1983* against Defendants City of Springfield, Greg Seipel ("Seipel"), Jay Bartlett ("Bartlett"), Todd Renfrow ("Renfrow"), and Timothy Davlin ("Davlin"). The Court now considers the Defendants' Motion to Dismiss the Complaint.

**FACTS**

The City of Springfield, a municipal corporation, provides public utilities services to various customers through the Department of Public Utilities ("Department"). [1] Working at the Department and possessing varying degrees of control over employment matters were Defendants Seipel, the superintendent of electrical distribution; Bartlett, the chief utilities engineer; and Renfrow, the director of the Department. The power to make ultimate [*2] employment decisions was vested in Defendant Davlin, Mayor of Springfield.

> 1  Because of the procedural posture of this case, all of the facts are taken from Plaintiff's Complaint.

Early in 1999, Plaintiff Goetz began working for the Department as its key accounts manager. [2] This position required Goetz to call upon large customers of the Department. Goetz had 26 years of experience in this type of marketing, including seven years of work with the Department's key account customers. Goetz alleges that she adequately performed her duties at all times.

> 2  This position was later changed to "project manager." The two terms will be used interchangeably.

In March of 2005, the Department transferred Goetz from the central office to a different facility. Of the three project managers working at this facility, Goetz was the only female. While at her new location, Goetz began sharing responsibilities with a male project manager with less training and experience. Around this same time, Defendant Seipel supported efforts to increase this male project manager's training in key accounts. Goetz already had such training.

Soon after her transfer, serious problems began to arise. Between April 25, 2005, and [*3] April 21, 2006, emails sent or received on Goetz' personal account were forwarded to her City computer, allegedly by City officials, where they were then accessible to City employees. On January 20, 2006, Goetz was removed from active employment and placed on administrative leave. No explanation was given. Goetz was instructed to wait at her home for new assignments. In February of 2006, the Department held a meeting with many of its large customers and introduced the male project manager as the new key

Case 1:07-cv-06116   Document 19-11   Filed 01/11/2008   Page 2 of 7

Page 2
2007 U.S. Dist. LEXIS 80187, *

accounts contact, effectively replacing Goetz. Having received no assignments at home, Goetz was laid off by the Department in March of 2006. Goetz alleges that no funding changes caused this layoff and that no other persons were laid off at that time.

## STANDARD OF REVIEW

*Rule 12(b)(6)* allows for the dismissal of a complaint for failure to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6)*; *EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (2007)*. A complaint states a claim where it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." *Concentra Health, 496 F.3d at 776* (quoting *Fed. R. Civ. P. 8(a)(2)*). The court [*4] must take all well-pleaded factual allegations as true and must draw all possible inferences from those allegations in favor of the complainant. *McCready v. eBay, Inc., 453 F.3d 882, 888 (7th Cir. 2006)*. Dismissal under *Rule 12(b)(6)* is only appropriate when "there is no possible interpretation of the complaint under which it can state a claim." *Treadway v. Gateway Chevrolet Oldsmobile Inc., 362 F.3d 971 (7th Cir. 2004)* (citing *Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 637 (7th Cir. 2004)*).

## ANALYSIS

Plaintiff Goetz' Complaint seeks relief against the City under Title VII for its employment actions and against all defendants under *42 U.S.C. § 1983* for violations of the equal protection and *due process clauses of the Fourteenth Amendment*. Defendants move to dismiss.

### A. Claims Against Individual Defendants

#### 1. Official Capacity Claims

First, Defendants argue for the dismissal of Plaintiff's official capacity claims against the individual defendants, because such suits are duplicative of the action against the City of Springfield itself. Generally, official-capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed.2d 114 (1985)*. [*5] Therefore, where a claim has been asserted against a municipality, "claims against . . . individuals in their official capacities are redundant because suits against municipal agents in their official capacities are actually suits against the municipality." *Tabor v. City of Chicago, 10 F. Supp. 2d 988, 991 (7th Cir. 1998)*. Where, as here, official capacity suits have been alleged in addition to suits against a municipality, "courts have routinely dismissed claims against [the] municipal agents. . . ." *Id.* (citing *David v. Village of Oak Lawn, 1996 U.S. Dist. LEXIS 5624, 1996 WL 210072, at *5 (N.D. Ill. April 29, 1996)*; *Amati v. City of Woodstock, 829 F. Supp. 998, 1011 (N.D. Ill. 1993)*). Thus, the actions against the municipal agents in their official capacities in this case are unnecessary in light of the suit against the City. They are dismissed.

#### 2. Individual Capacity Claims

##### a. Suit under § 1983 and Title VII

Defendants argue that Counts II through V, brought against the individual defendants, improperly expand the scope of Title VII liability against non-employers. Defendants, however, misread the Complaint. Plaintiff is not suing the individual defendants for Title VII violations. Rather, her allegations in [*6] Counts II through V derive from an equal protection violation that she asserts under *42 U.S.C. § 1983*. This Circuit has consistently found that "the *Fourteenth Amendment* and Title VII have granted public sector employees independent rights to be free of employment discrimination." *Trigg v. Fort Wayne Comm. Sch., 766 F.2d 299, 302 (7th Cir. 1985)*. See also *Ratliff v. City of Milwaukee, 795 F.2d 612 (1986)*. Since the *§ 1983* claims here are based on the alleged violation of a constitutional right, Title VII is not being expanded. Therefore, dismissal of Counts II through V on these grounds would be inappropriate.

##### b. Proof of Personal Responsibility

Defendants next urge the dismissal of the actions against Seipel, Bartlett, Renfrow, and Davlin because "[t]he plaintiff is unable to demonstrate that [these defendants] were directly or personally responsible for the alleged improper action . . . ." (Def. Mem. in Supp. of Mot. to Dismiss 5.) In her complaint, however, Plaintiff Goetz alleges that the individual defendants at least direct, recommended, or approved the actions taken against her. (Compl. P 27 in Counts II-V.) To survive a motion to dismiss, a complainant need not have actually [*7] proven direct personal responsibility; rather, at this stage of the litigation, the mere allegation of personal involvement suffices. *See Fed. R. Civ. P. 8(a)*. Therefore, dismissal would be inappropriate.

### B. Claims against Defendant City of Springfield

#### 1. Municipal Liability

In order to hold a municipality liable under *§ 1983*, a plaintiff must allege that the deprivation of her constitutional rights stems from a municipal policy or custom. *Kujawski v. Bd. of Comm'rs of Bartholomew County, Ind., 183 F.3d 734, 737 (7th Cir. 1999)* (citing *Monell v. Dep't of Social Serv. of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*). A policy or custom may be shown in several ways, including by alleging that a person with final policy-making authority caused the injury complained of. *Id.* Here, Plaintiff alleges that

Case 1:07-cv-06116   Document 19-11   Filed 01/11/2008   Page 3 of 7

Page 3
2007 U.S. Dist. LEXIS 80187, *

Defendant Mayor Davlin "was ultimately responsible for decisions regarding the terms and conditions of employment of individuals working in the Department." (Complaint P 6.) Further, she states in Count VI of the Complaint that both Davlin and Renfrow, as Mayor and Director, "were entrusted by the City with certain responsibilities to make and formulate the policies [*8] of the City including, but not limited to, certain personnel policies for employees of the Department." (Compl. P 27.) Although Defendants cite numerous cases finding that certain municipal positions lacked such policy-making authority, they fail to explain why Plaintiff Goetz' allegation falls short in this instance. Therefore, taking the allegations on the face of the complaint as true, this Court finds that Plaintiff has adequately pled that Defendant Davlin had policy-making authority sufficient to impose municipal liability.

### 2. Punitive Damages against Defendant City of Springfield

Defendants also move for the dismissal and striking of any claims for punitive damages against the City of Springfield. Punitive damages may not be recovered against a municipal corporation. *Kiser v. Naperville Cmty. Unit*, 227 F. Supp. 2d 954, 961 (N.D. Ill. 2002) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260, 101 S. Ct. 2748, 69 L. Ed.2d 616 (1981)). Therefore, to the extent that the Complaint requests the imposition of punitive damages against Defendant City of Springfield, it is stricken and dismissed.

### C. Procedural Due Process Claims against All Defendants

Finally, Defendants urge [*9] the dismissal of Plaintiff's procedural due process claims. To state a procedural due process claim under the *Fourteenth Amendment*, a plaintiff must allege (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process. *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002) (citations omitted). Defendants argue that Plaintiff had no property interest in her state employment and that even if Plaintiff had such a property interest, she was entitled to no process because she admits that she was laid off. Neither contention warrants dismissal in this case.

First, Plaintiff has alleged and shown that she was employed by the City and that her employment could be terminated only for cause. The cases finding a property interest in such employment situations are legion. *See, e.g., Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538-39, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985); *Franklin v. City of Evanston*, 384 F.3d 838, 844 n.3 (7th Cir. 2004) (agreeing with district court that plaintiff "had a protectible property interest in his job because he was a government employee whose employment could be terminated only 'for cause'").

Despite [*10] this well-settled rule, Defendants contend that Plaintiff had no property interest in employment because the Complaint alleges only a failure to provide a hearing as required under the Illinois Municipal Code, *65 ILCS 5/10-1-18*, and the failure to follow state procedures alone does not violate due process. *See Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 706-07 (7th Cir. 2002). This argument misses the point. Plaintiff is not claiming a property interest in the state procedures themselves but rather asserts a state-created interest in tenured employment entitling her to some process. Therefore, this Court concludes that Plaintiff adequately alleged a protected property interest in her state employment sufficient for federal due process purposes.

Defendants next argue that Plaintiff has admitted that she was laid off rather than terminated and, as such, no process is due her. This contention is without merit. Defendants' argument derives from *Powell v. Jones*, 56 Ill.2d 70, 82, 305 N.E.2d 166 (1973), where the Illinois Supreme Court held that plenary hearings were not required for employees who were laid off rather than fired. The *Powell* court, however, expressly limited the issue [*11] before it to cases where there were not "any allegations that such layoffs [were] improperly motivated." *Id. at 73*

While Plaintiff states several times in her Complaint that she was "laid off," she also alleges facts supporting her underlying claim that the layoff was a mere cover for an improper discharge. If such allegations are true, Plaintiff would be entitled to additional due process rights above and beyond those given to employees laid off for economic reasons. Indeed, "a government employer cannot avoid its procedural obligations if it is picking specific individuals for layoff or termination, nor can it use a [reduction in force] to conceal a for-cause dismissal and thereby deprive a career employee of the procedural protections to which [s]he would otherwise be entitled." *Lalvani v. Cook County, Ill.*, 269 F.3d 785, 793 (7th Cir. 2001) (citing *Misek v. City of Chicago*, 783 F.2d 98, 100 (7th Cir. 1986)).

Since Plaintiff has alleged a protected property interest in her employment entitling her to additional due process protections, the Court denies Defendants' motion to dismiss her procedural due process claims.

### CONCLUSION

For the reasons stated above, the Court grants Defendants' [*12] motion to dismiss with respect to the official capacity suits against Defendants Seipel, Bartlett, Renfrow, and Davlin. The Court also dismisses the puni-

tive damages claim against Defendant City of Springfield. For all other claims, however, the motion is denied.

IT IS SO ORDERED

ENTER: October 29, 2007

FOR THE COURT:

/s Richard Mills

United States District Judge

131P8Q

********** Print Completed **********

Time of Request: Thursday, January 10, 2008   13:16:09 EST

Print Number:    1861:68726463
Number of Lines: 182
Number of Pages:




Send To:   MARTIN, MISTY
           SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
           330 N WABASH AVE STE 200
           CHICAGO, IL 60611-7764



\\server\name

PSCRIPT Page Separator

131P8Q

**Time of Request:** Thursday, January 10, 2008   13:14:52 EST
**Client ID/Project Name:** 3510.926
**Number of Lines:** 430
**Job Number:**        2842:68726129

Research Information

**Service:**   LEXSEE(R) Feature
**Print Request:** Current Document: 1
**Source:** Get by LEXSEE(R)
**Search Terms:** 1995 U.S. Dist. LEXIS 15171

**Send to:**   MARTIN, MISTY
           SEGAL MCCAMBRIDGE SINGER & MAHONEY LTD
           330 N WABASH AVE STE 200
           CHICAGO, IL 60611-7764