**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEVON ECTOR,<br>on behalf of herself and all others<br>similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF MARKHAM,<br><br>        Defendant. | )<br>)<br>)<br>)  07 CV 6116<br>)<br>)  Judge Grady<br>)<br>)  Magistrate Judge Ashman<br>)<br>)<br>) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT AGREEMENT

### Introduction

Plaintiff Jevon Ector, on behalf of herself and a class of similarly situated persons, respectfully submits this memorandum of law in support of the proposed Class Action Settlement Agreement reached in the above-captioned action. This memorandum accompanies Docket No. 36, the Joint Motion for Preliminary Approval of a Class Action Settlement, reached between Plaintiff and Defendant, the City of Markham.

The parties have reached a settlement that provides relief to a class of persons defined as:

Any person, business, corporation, entity, predecessor, successor, subsidiary, executor, affiliate, assign, insurer, partner, shareholder, officer, director, agent, representative, employee, and/or attorney that was charged by the City of Markham more than $5.00 for an accident report or more than $20 for an accident report investigated by an accident reconstructionist office from October 17, 2002 through the present.

Upon this Court's approval, the Settlement Agreement will resolve all claims asserted by Plaintiff and the class against the City of Markham for the City's alleged overcharging for accident reports, which Plaintiff claimed was in contravention of 625 ILCS 5/11-416. Plaintiff is

pleased to present for the Court's approval what they are confident is a fair, just, and reasonable settlement that provides restitution to persons who paid for accident reports. The Settlement has several components designed to provide monetary and other relief to the Class, including:

(A)   First, the City of Markham has represented that it is currently in compliance with 625 ILCS 5/11-416.

(B)   Second, the City of Markham has agreed to set up a settlement fund in the amount of $45,000.00. The Settlement Fund approximates roughly 60% of the total recovery (based upon Defendant's representations as to the total amounts collected over the class period). From this fund, $1,000.00 will be paid to Jevon Ector for her services as class representative and $15,000.00 (33 and 1/3%) will be paid to Class Counsel as reasonable attorneys' fees and costs. All remaining funds will be divided on a *pro rata* basis among those Class Members who return a fully-executed, complete, timely, and truthful Claim Form (subject to a cap of the full amount of the claim). Each Class Member shall be eligible to receive the monetary difference between the amount authorized by statute to be charged for accident reports and the amount Defendant actually charged. The Class Member shall receive the amount of the overcharge for each accident report he, she or it requested. For example, if a Class Member requested 5 separate accident reports and paid more than $5 for each of those 5 reports, that Class Member could submit claims for the 5 separate accident reports. The Claim Form will allow each Class Member to submit claims for all qualifying accident reports requested by that Class Member on one Claim Form.

(C)   Third, the City of Markham will pay for Notice, in addition to the amounts being

put into the Settlement Fund.  Using an independent third party Settlement

Administrator, First Class, Inc., the City will cause Notice and a Claim Form to be

mailed to those Class Members with accessible contact information, as currently

contained in Defendant's records.  Further, the City will pay for notice to be

published in a local newspaper, The Daily Southtown.

Upon preliminary approval by the Court, the two forms of Class Notice will issue in

order to provide the Class Members with a description of the nature of the Action and the terms

of the settlement.  The Mailed Notice explains the deadlines for filing: (1) objections to the

Settlement; (2) requests to opt-out of the Settlement; and (3) claim forms to obtain the monetary

recovery provided for by the Settlement.  The Publication Notice advises Class Members on

where they can obtain more information, including the Mailed Notice and the Claim Form.  Both

Notices also advises the Class Members of the date, time and location of the Final Fairness

Hearing.

For all of the reasons stated in this Memorandum and accompanying Joint Motion for

Preliminary Approval, Plaintiff respectfully requests that this Court approve the Settlement as

fair, adequate, reasonable and in the best interests of the Class Members, and certify the class for

settlement purposes.

## Legal Discussion

### The Requirements for Certification of a Settlement Class Are Met

The class action vehicle was created to promote a fair and expeditious resolution for

claims of a large number of people who were injured by the same occurrence, practice or

procedure.  The alternative to class certification – the prosecution of several thousand individual

claims – would result in extreme logistical difficulties, a waste of judicial resources, and the

elimination of an orderly and reasonable process to resolve the factual and legal issues underlying this case.

Under the Federal Rules of Civil Procedure, a class should be certified when all four requirements of Rule 23(a) and one of the requirements of Rule 23(b) have been met. Not only is Rule 23 to be liberally construed and read to favor the maintenance of class actions,[1] but "[t]here is [also] broad judicial discretion in determining whether to allow the certification of a class action."[2] Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems.[3]

As demonstrated below, all requirements necessary to certify a settlement class have been satisfied, and both parties agree that, for settlement purposes, the Rule 23 factors are met.

### Rule 23(a)(1) -- Numerosity

The first element of Rule 23(a) is that the proposed class be so numerous that joinder is impracticable. Impracticability exists where individual adjudication would take an extended period of time and joinder of all the parties would be expensive, time consuming and "a strain on already overtaxed judicial resources."[4]

"While there is no 'bright line' test for numerosity, courts have found this element satisfied where the putative class would number in the range of as few as 10 to 40."[5] In the

---

1    *See Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517 at *4 (N.D. Ill. March 24, 1997).

2    *Ruiz v. Stewart Assocs.*, 171 F.R.D. 238, 241 (N.D. Ill. 1997) (*citing First Interstate Bank of Nevada v. Chapman & Cutler*, 837 F.2d 775, 781 (7th Cir. 1988)).

3    *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4    *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992).

5    *Khalil Abdur Rahim v. Sheahan*, No. 99 C 0395, 2001 U.S. Dist. LEXIS 17214, at *37-8 (N.D. Ill. Oct. 18, 2001); *see, e.g., Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (29 sufficient); *Barney v. Harvey*, No. 95 C 3316, 1997 U.S. Dist. LEXIS 3570 (N.D. Ill., March 25, 1997) (class of 13

instant case, Defendant acknowledges that there were hundreds or thousands of requests for accident reports during the class period and thus, numerosity is satisfied. This potential class size makes joinder impracticable and as a result, the proposed settlement class satisfies the numerosity requirement.

### Rule 23(a)(2) -- Commonality

The second element of Rule 23(a) is that the case must involve at least one common question of law or fact. " 'A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2).' "[6] So long as at least one issue of law or fact is common to all class members, a class should be certified. Where a question of law involves standardized forms distributed to the members of a proposed settlement class, a common nucleus of operative facts is typically found, and the commonality requirement is usually met.[7] Here, there are numerous common questions. First and foremost, were Defendant's charges in excess of those allowed by the statute? This question predominates every claim in this action. Whether Defendant violated the statutory provisions by charging excessive copying fees permeates each cause of action and forms the foundation for liability. Therefore, the commonality requirement of Rule 23(a)(2) is satisfied.

### Rule 23(a)(3) -- Typicality

The third element of Rule 23(a) is that the claims or defenses of the representative party

---

certified where other factors made joinder impracticable); *Gaspar v. Linvatee Corp.*, 167 F.R.D. 51, 56-7 (N.D. Ill. 1996) (class of 18 certified); *Swanson v. American Consumer Indus.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969) (40 sufficient).

6    *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (*citing Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)).

7    *Daley v. Provena Hospitals*, 193 F.R.D. 526, 528 (N.D. Ill. 2000); *Peters v. AT&T*, 179 F.R.D. 564, 567-8 (N.D. Ill. 1998); *Murray v. New Cingular Wireless Servs.*, 232 F.R.D. 295, 299 (N.D. Ill. 2005).

be typical of the claims or defenses of the class. Rule 23(a)(3) is satisfied if the representative's

claim " 'arises from the same event or practice or course of conduct that gives rise to the claims

of other class members and [the representative's] claims are based on the same legal theory.' "[8]

Because commonality and typicality are closely related, a finding of one often results in a finding

of the other.[9] Here, Plaintiff's claims cannot be factually distinguished from the claims of the

proposed settlement class members because all claims arise from the common issue of whether

collecting fees in excess of the amount expressly authorized by 625 ILCS 5/11-416 gives rise to

violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS

505/2, 42 U.S.C. § 1983, claims of unjust enrichment, and of Ultra Vires acts. Accordingly, it is

appropriate to find that the typicality requirement of Rule 23(a)(3) is met.

### Rule 23(a)(4) -- Adequacy of Representation

The fourth element of Rule 23(a) is that the representative parties must fairly and

adequately protect the interests of the class. That protection is evaluated on three factors: (1) the

plaintiffs "cannot have antagonistic or conflicting claims with other members of the class;" (2)

they "must have a 'sufficient interest in the outcome to ensure vigorous advocacy;' " and (3)

their attorneys "must be competent, experienced, qualified, and generally able to conduct the

proposed litigation vigorously."[10]

As to the first factor, there is no conflict or antagonism whatsoever between Plaintiff and

---

8       *Clark v. Retrieval Masters Creditors Bureau*, 185 F.R.D. 247, 249 (N.D. Ill. 1998) (*quoting De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)).

9       *Rosario*, 963 F.2d at 1018 ("The question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality."); *see Sanders v. OSI Education Services, Inc.*, No. 01 C 2081, 2001 U.S. Dist. LEXIS 12578, at *5 (N.D. Ill. Aug. 2, 2001).

10      *Gammon v. GC Services*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (*quoting Riordan*, 113 F.R.D. at 64) (citation omitted)).

the class members given the identical nature of their claims.[11]  As to the second factor, Plaintiff

has a clear interest in the successful outcome of the lawsuit, having negotiated damages for the

class.  And finally, as to the third factor, Plaintiff has hired counsel who are active practitioners

in consumer class cases with experience, diligence, and commitment to this litigation.  As a

result, Plaintiff and her counsel meet the adequacy requirements of Rule 23(a)(4).

### Rule 23(b)(3) -- Predominance/Superiority

In addition to satisfying Rule 23(a), the proposed class needs to satisfy one of the

provisions of Rule 23(b) and here, the parties have jointly requested that this Court certify the

class for settlement purposes under Rule 23(b)(3).  The two components to certification of a class

under Rule 23(b)(3), (1) that common questions predominate over individual questions, and (2)

that a class action is the superior method of adjudicating the claims of the parties, are met for the

requested settlement class.

Common questions of law or fact predominate because, as noted above, there is a

common factual link between all class members, each having been subject to the same allegedly

violative conduct.  A class action is the superior form of adjudicating the claims at issue because

recipients of a form are unlikely to individually litigate the legality of that form (or, as here, the

charges imposed).[12]

The special efficacy of the class action has been noted by the courts:

> A class action permits a large group of claimants to have their claims
> adjudicated in a single lawsuit. This is particularly important where, as here,
> a large number of small and medium sized claimants may be involved. In
> light of the awesome costs of discovery and trial, many of them would not

---

11      *Rosario*, 963 F.2d at 1018.

12      *Maxwell v. Arrow Fin. Servs., LLC*, No. 03 C 1995, 2004 U.S. Dist. LEXIS 5462, *17 (N.D. Ill.
March 31, 2004).

be able to secure relief if class certification were denied.[13]

Because a settlement has been reached, notice to the Class Members has been agreed upon, and the parties have all agreed to support certification of the Class for settlement purposes, the settlement of this action on a class basis is a superior method for ensuring that the Class Members obtain relief in a timely fashion.

## Conclusion

Because the Settlement reached is the product of good-faith bargaining between experienced counsel and provides a substantial benefit to the Class Members, this Court should certify the Class for settlement purposes, preliminarily approve the Settlement, and direct that Notice be sent in accordance with the Settlement's terms.

Respectfully submitted,

By: /s/ Stacy M. Bardo
One of Plaintiff's attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, PC
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808

Aron D. Robinson
Law Office of Aron D. Robinson
19 South LaSalle, Suite 1200
Chicago, Illinois 60603
(312) 857-9050

---

13    *In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977).