MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| JEVON ECTOR, on behalf of herself and all others similarly situated, | ) | |
| Plaintiffs, | ) | 07 CV 6116 |
| v. | ) | Judge Grady |
| CITY OF MARKHAM, | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**PRELIMINARY APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT**

This matter comes before the Court on the joint request (the "Joint Motion") of Plaintiff Jevon Ector, on behalf of herself and all others similarly situated, (collectively, "Plaintiff" or "Settlement Class Members"), on the one hand, and the City of Markham ("Defendant"), on the other, for preliminary approval of the Class Action Settlement Agreement (the "Agreement"), dated July 28, 2008. The Court has reviewed the Agreement and its attached exhibits, and the Joint Motion and its attached exhibits and, good cause appearing,

IT IS HEREBY ORDERED:

Definitions. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Definitions section and throughout the Class Action Settlement Agreement (the "Agreement"), dated July 28, 2008, which is attached to the Joint Motion as Exhibit A.

Certification of a Settlement Class. The Court hereby finds that, for settlement purposes only, all requirements for class certification under Federal Rule 23(b)(3) have been met in this case and certified the class as follows:

> All persons or entities that have been charged more than $5.00 for an accident report by the City of Markham Police Department from October 29, 2002 to the present, unless the report was investigated by an accident reconstructionist, in which case, any person that

requested and was charged more than $20.00 for an accident reconstructionist investigated accident report.

Preliminary Approval. The Court preliminarily approves the Settlement of the Action as set forth in the Agreement and Exhibits thereto as being fair, reasonable, and adequate to the Parties. Specifically, this Court finds that: 1) the recovery of up to $45,000.00 in the aggregate for Class Members' Claims, with the costs of notice and distribution being borne by Defendant is fair and reasonable; 2) payment to Class Counsel of fees and costs in the amount of $15,000.00 (33 and 1/3% of the fund), which is to be paid from the class settlement fund of $45,000.00, is fair and reasonable for the services provided by Class Counsel in this case and continuing until all questions of the Settlement Class have been answered and a Final Approval Order is entered; and 3) payment of $1,000.00 from the settlement fund to Jevon Ector for her services as Class Representative is fair and reasonable.

If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

Settlement Hearing. A Settlement Hearing will be held on October 29, 2008, at 10:30 a.m. at which time the Court will finally determine whether the Certification of a Class for Settlement Purposes and Settlement of the Action, including Class Counsel's Attorneys' Fees Application, should be finally approved as fair, reasonable, and adequate and whether the

Judgment and Order of Dismissal with Prejudice (the "Judgment") should be entered. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

Form and Content of Notice. The Court approves, as to form and content, for distribution to members of the Settlement Class the Notice in the form of Exhibit 2 attached to the Settlement Agreement.

Mailed Notice. No later than 30 days after the date upon which the Court enters the Preliminary Approval Order, Defendant must make publication in the Daily Southtown (in the form of Exhibit 2) and cause Notice to be mailed by first class mail to Class Members with Accessible Contact Information and to the Attorney General of the State of Illinois, consistent with the Class Action Fairness Act. Defendant's Counsel shall file with the Court, no later than 5 business days prior to the Settlement Hearing, an affidavit or declaration (if applicable, from the Settlement Administrator) stating that the mailings have been completed and publication had been made in accordance with the terms of this Preliminary Approval Order.

Best Practicable Notice. The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the class members are required.

Requests for Exclusion. Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to Class Counsel and postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by stating "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN: "*Jevon Ector, on behalf of herself and all others similarly situated v. City of*

*Markham*, In the United States District Court for the Northern District of Illinois, Eastern Division, C.A. No. 07 CV 6116." The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. No later than 5 days before the Settlement Hearing, Class Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion.

Objections. Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendant's Counsel a written notice of objection no later than 14 days before the Settlement Hearing. Any Person who objects to the Settlement must file a statement of reasons as to why he or she is objecting to the settlement with the Clerk of the Court and deliver same to Class Counsel and Defendant's Counsel. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law filed and served no later than 5 days prior to the Settlement Hearing. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement unless otherwise ordered by the Court.

Defendant's Denial of Liability. The Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the

terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

Extension of Deadlines. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

Deadline for Opt-Outs. To be legally effective, all requests for exclusion described above, must be received on or before October 6, 2008.

Deadline for Objections. Class Member Objections, as described in above, must be delivered to Class Counsel and Defendant's Counsel and filed with the Court on or before October 6, 2008. Objections not filed and served in a timely manner shall be deemed waived.

Deadline for Submitting Claim Forms. Class members who wish to receive their monetary share of the settlement distribution must send in a claim form, which must be received by the Settlement Administrator on or before October 6, 2008.

SO ORDERED this 30 day of July, 2008.

John F. Grady

The Honorable Judge John F. Grady